UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Master Docket No. 18-cv-10356 (JGK) |
| THIS DOCUMENT RELATES TO: All Actions | <u>CLASS ACTION</u> |

**<u>DEFENDANT JPMORGAN CHASE & CO.'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR EXTENSION OF THE STAY</u>**

Defendant JPMorgan Chase & Co. ("JPMorgan") respectfully submits this response to Plaintiffs' opposition to the motion to extend the stay through the conclusion of a related criminal prosecution filed by the United States Department of Justice ("DOJ"). Plaintiffs oppose the DOJ's motion in two respects, asking: (1) that the stay be limited to six months, and (2) that the stay be lifted partially to allow Plaintiffs to take certain discovery from JPMorgan. (ECF No. 50, at 1.) With that latter proposal, Plaintiffs are seeking the unusual benefit of pre-complaint discovery, which the circumstances here do not warrant. Accordingly, JPMorgan respectfully asks the Court to reject Plaintiffs' request for premature discovery.

Plaintiffs have not yet filed a consolidated complaint defining the claims they intend to pursue, nor has JPMorgan had an opportunity to respond to their allegations. Yet Plaintiffs' proposed document requests seek comprehensive information—transaction data, positions, risk metrics, profits and losses, and costs—about *all* of JPMorgan's trading in gold, silver, platinum, and palladium futures and options contracts over a nine year period. (ECF No. 50-1, at 2, 6–8.) JPMorgan believes that it will have dispositive, or at least partially dispositive, arguments in favor of dismissal, including on grounds of standing and the applicable statutes of

limitations.[1] JPMorgan may also move to compel certain plaintiffs to arbitrate their claims.[2] As a result, the case will likely be dismissed or significantly narrowed by time period, instrument, and/or plaintiff. JPMorgan should not bear the burden of responding to expansive discovery requests relevant to claims that will not ultimately survive, *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 559–60 (2007), especially where there is no danger that evidence will be lost, nor can it effectively litigate the boundaries of discovery without an operative complaint, *see In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *4 (N.D. Cal. Jan. 4, 2008) ("Allowing discovery before the filing of the amended consolidated complaints does not allow us to know who the parties are or what their claims may be.").

Plaintiffs simply have not justified obtaining nine years' worth of transaction data, documentation, and other records at this preliminary stage. Indeed, they have cited no case where a court authorized discovery before plaintiffs in a consolidated action filed their consolidated amended complaint. *See* Oral Arg. Tr. at 4:17–5:14, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 1:11-md-02262-NRB (S.D.N.Y. Mar. 1, 2012), ECF No. 117 (declining plaintiffs' request for pre-consolidated complaint discovery); *In re Flash Memory*, 2008 WL 62278, at *4 (same). Accordingly, JPMorgan respectfully asks this Court to deny Plaintiffs' request to partially lift the stay and permit discovery to proceed.

---

[1] *See, e.g.*, *In re London Silver Fixing, Ltd., Antitrust Litig.*, 332 F. Supp. 3d 885, 920–26 (S.D.N.Y. 2018) (dismissing Commodities Exchange Act ("CEA") claims based on alleged spoofing for failure to plead "actual damages"); *Shak* v. *JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 473–75 (S.D.N.Y. 2016) (dismissing CEA claims as untimely).

[2] *See, e.g.*, *Spear, Leeds & Kellogg* v. *Cent. Life Assurance Co.*, 85 F.3d 21, 25–30 (2d Cir. 1996) (holding that defendant could invoke rules of exchange to compel arbitration).

Dated: Washington, DC
      November 15, 2019

                          /s/ Amanda Flug Davidoff
                          Amanda Flug Davidoff
                          SULLIVAN & CROMWELL LLP
                          1700 New York Avenue, N.W., Suite 700
                          Washington, DC 20006-5215
                          davidoffa@sullcrom.com
                          Telephone:   (202) 956-7500
                          Fax:             (202) 293-6330

                          *Attorney for Defendant JPMorgan Chase & Co.*