**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**IN RE JPMORGAN PRECIOUS METALS
SPOOFING LITIGATION,**

18-cv-10356 (JGK)

<u>MEMORANDUM OPINION
AND ORDER</u>

--------------------------------------

**JOHN G. KOELTL, District Judge:**

The Government has moved to continue the stay of this action pending the conclusion of a related criminal prosecution pending in the Northern District of Illinois. <u>See</u> <u>United States v. Smith, et al.</u>, Case No. 19-cr-669 (N.D. Ill.). The Government argues that the pendency of a criminal indictment and the overlap of the issues in this civil case argue strongly for a continuation of the stays that the Court previously issued in this case. <u>See</u> <u>Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.</u>, 886 F. Supp. 1134, 1138-39 (S.D.N.Y. 1995); <u>Volmar Distributors, Inc. v. New York Post Co.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Counsel for defendants JPMorgan Chase & Co ("JPMorgan") and John Edmonds do not oppose the stay.

Counsel for the plaintiffs do not oppose a limited continuation of the stay, but oppose a stay that continues until the conclusion of the criminal case. They also seek extensive discovery in this action from JPMorgan while the stay is in place.

Both JPMorgan and the Government oppose preliminary discovery on the grounds that it is unnecessary and may be moot, depending on the outcome of preliminary motions in this case and the result of the criminal case. In its reply, the Government consents to limiting the stay of the action to six months, with the parties to report to the Court at that time as to whether the stay should be continued.

It is plain that the stay of this action should be continued in view of the pendency of the criminal proceeding in the Northern District of Illinois. Six months is a reasonable period for the continuation of the stay. The parties should report back to the Court by **June 23, 2020** as to whether the stay should be continued after **June 30, 2020**.

There is no basis for the extensive preliminary discovery that the plaintiffs seek from JPMorgan. There is no realistic probability that discovery is necessary to preserve documents, in view of the pendency of the criminal proceeding and this litigation as well as the necessity for JPMorgan to preserve documents relevant to both those proceedings. Moreover, preliminary motions in this case may moot the need for the discovery that the plaintiffs presently seek. Therefore, the request for preliminary discovery is **denied**.

## CONCLUSION

For the reasons explained above, this litigation is stayed until **June 30, 2020**. The parties are to report to the Court by **June 23, 2020** as to whether the stay should be continued. The request for preliminary discovery is **denied**. The Clerk is directed to close Docket No. 48.

**SO ORDERED.**

**Dated:** New York, New York
November 19, 2019

_____/s/_____
**John G. Koeltl
United States District Judge**