# EXHIBIT 1

**EXECUTION VERSION**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Case No.: 1:18-cv-10356 (GHW) |
| | **<u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## TABLE OF CONTENTS

1.  TERMS USED IN THIS AGREEMENT ........................................................................ 3

2.  SETTLEMENT CLASS .......................................................................................... 12

3.  SETTLEMENT PAYMENT ..................................................................................... 12

4.  PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPLICATION FOR INCENTIVE AWARD .......................................................... 13

5.  APPLICATION FOR APPROVAL OF FEES, EXPENSES, AND COSTS OF SETTLEMENT FUND ADMINISTRATION .................................................................. 15

6.  NO LIABILITY FOR FEES AND EXPENSES OF LEAD COUNSEL ........................ 15

7.  DISTRIBUTION OF AND/OR DISBURSEMENTS FROM SETTLEMENT FUND ... 15

8.  DISBURSEMENTS PRIOR TO EFFECTIVE DATE ................................................. 16

9.  DISTRIBUTION OF BALANCES REMAINING IN NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS ................................................................................. 17

10. ADMINISTRATION/MAINTENANCE OF SETTLEMENT FUND ........................... 18

11. RELEASE AND COVENANT NOT TO SUE ........................................................... 19

12. MOTION FOR PRELIMINARY APPROVAL .......................................................... 20

13. CLASS NOTICE .................................................................................................. 20

14. MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT ............. 22

15. BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT ....................................... 24

16. EFFECTIVE DATE ............................................................................................... 24

17. OCCURRENCE OF EFFECTIVE DATE .................................................................. 25

18. FAILURE OF EFFECTIVE DATE TO OCCUR ....................................................... 25

19. TERMINATION ................................................................................................... 25

20. EFFECT OF TERMINATION ................................................................................ 27

21. CONFIDENTIALITY PROTECTION ...................................................................... 29

22. BINDING EFFECT .............................................................................................. 30

23. INTEGRATED AGREEMENT ............................................................................... 30

24. HEADINGS ........................................................................................................ 30

25. NO PARTY IS THE DRAFTER ............................................................................. 31

26. CHOICE OF LAW ............................................................................................... 31

27. EXECUTION IN COUNTERPARTS ....................................................................... 31

28. SUBMISSION TO AND RETENTION OF JURISDICTION ...................................... 31

29. NO RESERVATION OF RIGHTS .......................................................................... 32

30.    NOTICES ................................................................................................................. 32

31.    AUTHORITY ......................................................................................................... 32

32.    STAY ...................................................................................................................... 33

33.    TAX ADVICE ......................................................................................................... 33

## STIPULATION AND AGREEMENT OF SETTLEMENT

THIS STIPULATION AND AGREEMENT OF SETTLEMENT (the **"Agreement"** or **"Settlement Agreement"**) is made and entered into on September 1, 2021.  This Settlement Agreement is entered into on behalf of Plaintiffs Dominick Cognata, Melissinos Trading, LLC, Casey Sterk, Kevin Maher, Kenneth Ryan, Robert Charles Class A, L.P., Robert L. Teel, Mark Serri, Yuri Alishaev, Abraham Jeremias, and Morris Jeremias (collectively, **"Class Plaintiffs"**), for themselves and on behalf of each Settling Class Member (as defined in Section 1(OO) herein), by and through Lead Counsel (as defined in Section 1(Y) herein), and on behalf of defendant JPMorgan Chase & Co. (**"JPMorgan"**) by and through its undersigned counsel of record in this Action (as defined in Section 1(A) herein).

WHEREAS, Class Plaintiffs have filed a civil class action captioned *In re JPMorgan Precious Metals Spoofing Litig.*, No. 18-cv-10356 (GHW) (S.D.N.Y.) and allege, among other things, that Defendants (as defined in Section 1(L) herein), from at least March 1, 2008 through August 31, 2016, acted unlawfully by, *inter alia*, manipulating the prices of Precious Metals Futures and Options on Precious Metals Futures in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq.* (the "CEA") and the common law;

WHEREAS, on September 29, 2020, JPMorgan entered into a Deferred Prosecution Agreement with the U.S. Department of Justice ("DOJ") that resolved DOJ's investigation into manipulation in the markets for Precious Metals Futures from March 2008 until August 2016, and, as part of that Deferred Prosecution Agreement, agreed to pay $205,992,102 which DOJ will distribute to compensate victims for their losses;

WHEREAS, Class Plaintiffs further contend that they and the Settlement Class are entitled to monetary damages as a result of JPMorgan's conduct;

WHEREAS, JPMorgan maintains that it has good and meritorious defenses to the claims of liability and damages made by Class Plaintiffs;

WHEREAS, arm's-length settlement negotiations, facilitated by The Honorable Diane M. Welsh (Ret.) (**"Mediator"**), have taken place between Class Plaintiffs, Lead Counsel, counsel for JPMorgan, and JPMorgan, and this Settlement Agreement has been reached, subject to the final approval of the Court;

WHEREAS, JPMorgan provided Class Plaintiffs and Lead Counsel with the agreed-upon Mediation Information;

WHEREAS, Lead Counsel, after having conducted an investigation of the facts and the law regarding the Action, including the Mediation Information (as defined in Section 1(Z) herein) provided by JPMorgan, consider the Settlement set forth herein to be fair, reasonable, adequate and in the best interests of Class Plaintiffs and the Settlement Class, and have therefore determined that it is in the best interests of Class Plaintiffs and the Settlement Class to enter into this Settlement Agreement to avoid the uncertainties of complex litigation and to assure a benefit to Class Plaintiffs and the Settlement Class;

WHEREAS, JPMorgan, while maintaining that it is not liable to Class Plaintiffs and that it has good and meritorious defenses to Class Plaintiffs' claims, has nevertheless agreed to enter into this Settlement Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and avoiding the risks inherent in complex litigation;

WHEREAS, Class Plaintiffs, for themselves individually and on behalf of each Settling Class Member, and JPMorgan agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any

violation of law or liability or wrongdoing by any Party, or of the validity of any of Class Plaintiffs' claims, and that neither this Settlement Agreement nor any statement made in negotiation thereof may be used or offered in any proceeding for any purpose, except to enforce the terms of the Settlement; and

WHEREAS, the Parties enter into the Settlement with full knowledge that adverse or favorable court decisions and/or other events may take place in the future that might affect the positions of the Parties, including prior to the entry of the Final Approval Order and Final Judgment, and they intend to be bound by this Settlement Agreement, subject to final approval of the Court, notwithstanding the possibility or occurrence of any such future events or changes in position;

NOW, THEREFORE, Class Plaintiffs, on behalf of themselves and the Settlement Class by and through Lead Counsel, and JPMorgan, by and through the undersigned counsel, agree that the Action and Released Claims (as defined in Section 1(HH) herein) be settled, compromised, and dismissed on the merits, with prejudice and without costs, on the following terms and conditions, subject to the approval of the Court:

## 1.    Terms Used In This Agreement

The words and terms used in this Settlement Agreement, which are expressly defined below, shall have the meaning ascribed to them.

(A)    **"Action"** means *In re JPMorgan Precious Metals Spoofing Litig.*, No. 18-cv-10356 (GHW) (S.D.N.Y.).

(B)    **"Agreement"** or **"Settlement Agreement"** means this Stipulation and Agreement of Settlement, together with any exhibits attached hereto, which are incorporated herein by reference.

(C)   "**Alternative Judgment**" means a form of final judgment entered by the Court herein that is in a form other than the form of Final Approval Order and Final Judgment provided for in this Settlement Agreement, but which does not differ materially from the substance of Final Approval Order and Final Judgment provided for in this Settlement Agreement.

(D)   **"Authorized Claimant"** means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Net Settlement Fund pursuant to any Distribution Plan or order of the Court.

(E)   **"Business Days"** means Monday through Friday, inclusive, of each week unless such day is a public holiday in the United States.

(F)   **"Class"** or **"Settlement Class"** means all Persons and entities wherever located that purchased or sold any Precious Metals Futures or Options on Precious Metals Futures on the New York Mercantile Exchange ("NYMEX") or Commodity Exchange Inc. ("COMEX") from March 1, 2008 through August 31, 2016 (the "Class Period").  Excluded from the Settlement Class are (i) JPMorgan and any parent, subsidiary, affiliate or agent of JPMorgan, provided, that any Investment Vehicle shall not be excluded from the Settlement Class, but under no circumstances may JPMorgan (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle; and (ii) the United States Government.

(G)   **"Class Member"** means a Person who is a member of the Class.

(H)   **"Class Notice"** means the form of notice of the proposed Settlement to be distributed to the Settlement Class as provided in this Settlement Agreement and the Preliminary Approval Order, in substantially the form attached hereto as Exhibits C and D.

(I)      **"Class Period"** is defined in Section 1(F).

(J)      **"Class Plaintiffs"** means Dominick Cognata, Melissinos Trading, LLC, Casey Sterk, Kevin Maher, Kenneth Ryan, Robert Charles Class A, L.P., Robert L. Teel, Mark Serri, Yuri Alishaev, Abraham Jeremias, and Morris Jeremias.  This Settlement Agreement is entered into with each Class Plaintiff.  In the event that a Class Plaintiff fails to secure court approval to act as a Class Plaintiff, the validity of this Settlement Agreement as to the remaining Class Plaintiffs, the Settlement Class, and Lead Counsel shall be unaffected.

(K)      **"Court"** means the United States District Court for the Southern District of New York.

(L)      **"Defendants"** means JPMorgan, John Edmonds, Robert Gottlieb, and Michael Thomas Nowak.

(M)      **"Distribution Plan"** means the plan of allocation of the Net Settlement Fund, which will be developed by Lead Counsel and will be submitted to the Court for approval, or any revised plan of allocation, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(N)      **"Effective Date"** means the date when this Settlement Agreement becomes final as set forth in Section 16 hereof.

(O)      **"Escrow Account"** means an interest-bearing account mutually agreeable to the Parties and administered by the Escrow Agent.

(P)      **"Escrow Agent"** means any Person designated by Lead Counsel with the consent of JPMorgan and approved by the Court to act as escrow agent for the Settlement Fund. Lead Counsel anticipates the Escrow Agent will be Citibank, N.A.

(Q)    **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(R)    **"Fairness Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order to consider the fairness, adequacy and reasonableness of the proposed Settlement and this Settlement Agreement.

(S)    **"Fee and Expense Application"** means any application by Lead Counsel for approval of an award of attorneys' fees, reimbursement of litigation expenses and costs, and/or an Incentive Award from the Settlement Fund.

(T)    **"Final"** means, with respect to any court order, including, without limitation, the Final Approval Order and Final Judgment, or if applicable the Alternative Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further review by appeal or petition for certiorari has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further review by appeal or petition for certiorari has expired.  Any appeal or other proceeding pertaining solely to any order adopting or approving the Distribution Plan and/or any order issued in respect to the Fee and Expense Application pursuant to Sections 4 and 5 below shall not in any way delay or prevent the Final Approval Order and Final Judgment, or if applicable the Alternative Judgment, from becoming Final.

(U) **"Final Approval Order and Final Judgment"** means the order of the Court approving the Settlement following (i) preliminary approval of the Settlement Agreement, (ii) the issuance of the Class Notice pursuant to the Preliminary Approval Order, and (iii) the Fairness Hearing, and ordering judgment and dismissal of the Action and the Released Claims with prejudice and without costs as to the Released Parties, in substantially the form attached hereto as Exhibit B.

(V) **"Incentive Award"** means any award by the Court to Class Plaintiffs as described in Section 4.

(W) **"Individual Defendants"** means John Edmonds, Robert Gottlieb, and Michael Thomas Nowak.

(X) **"Investment Vehicle"** means any investment company, separately managed account or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, retirement accounts, and employee benefit plans, in which any Defendant has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(Y) **"Lead Counsel"** means Lowey Dannenberg, P.C.

(Z) **"Mediation Information"** means the following data and/or documents JPMorgan has provided or agrees to provide subject to confidentiality provisions contained in a Mediation Confidentiality Agreement to which they have separately agreed: (i) trade data JPMorgan previously provided to regulators concerning Precious Metals Futures or Options on Precious Metals Futures; (ii) non-privileged chats from thirteen (13) precious

metals custodians that (a) JPMorgan previously provided to regulators, (b) hit upon relevant search terms, and (c) underwent human review; and (iii) additional data, documents, or information, if any, that JPMorgan (a) previously gathered in response to regulatory inquiries concerning Precious Metals Futures or Options on Precious Metals Futures, (b) manually reviewed, and (c) produced to regulators, which Plaintiffs further request and JPMorgan agrees to produce.

(AA)   **"Net Settlement Fund"** means the Settlement Fund less Court-approved disbursements, including: (i) notice, claims administration and escrow costs; (ii) taxes; (iii) any attorneys' fees and/or expenses awarded by the Court; (iv) any Incentive Award(s) awarded by the Court; and (v) all other expenses, costs, and other charges approved by the Court.

(BB)   **"Parties"** means JPMorgan and Class Plaintiffs collectively, and **"Party"** applies to each individually.

(CC)   **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, municipality, state, state agency, entity that is a creature of any state, any government, governmental or quasi-governmental body or political subdivision, authority, office, bureau, agency or instrumentality of the government, any business or legal entity, or any other entity or organization; and any spouse, heir, predecessor, successor, representative or assign of any of the foregoing.

(DD)   **"Plaintiffs' Counsel"** means Lead Counsel and Girard Sharp LLP, Hausfeld LLP, Nussbaum Law Group, P.C., Robins Kaplan LLP, Scott+Scott Attorneys at Law LLP, and WeissLaw LLP.

(EE)   **"Precious Metals Futures"** means Gold Futures contract(s), Silver Futures contract(s), Platinum Futures contract(s) or Palladium Futures contract(s), and **"Options on Precious Metals Futures"** means any option on Precious Metals Futures.

(FF)   **"Preliminary Approval Order"** means an order of the Court, in substantially the form attached as Exhibit A, issued in response to the Motion for Preliminary Approval described in Section 12.

(GG)   **"Proof of Claim and Release"** means the form to be sent to potential Class Members, upon order(s) of the Court, by which any Class Member may make a claim against the Net Settlement Fund.

(HH)   **"Released Claims"** means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to any of the facts, conduct, or events

that were or could have been alleged or asserted in the Action against the Released Parties in any way involving or concerning Precious Metals Futures or Options on Precious Metals Futures purchased, sold, held, traded, and/or transacted by the Class Plaintiffs, Class Members, and/or Settling Class Members, including, but not limited to, any alleged manipulation or spoofing of Precious Metals Futures or Options on Precious Metals Futures under any statute, regulation, or common law, or the defense or settlement of such claims.

(II)   **"Released Parties"** or **"Released Party"** means all Defendants in this Action, including the Individual Defendants and JPMorgan, its predecessors, successors and assigns, its past and present direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

(JJ)   **"Releasing Parties"** or **"Releasing Party"** means, individually and collectively, each and every Class Plaintiff and each and every Settling Class Member on such Person or entity's own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators

and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Amount.  Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in Precious Metals Futures or Options on Precious Metals Futures who do not validly opt out of the settlement.

(KK)   **"Settlement"** means the settlement of the Released Claims set forth herein.

(LL)   **"Settlement Administrator"** means any Person that the Court approves to perform the tasks necessary to provide notice of the Settlement to the Class and to otherwise administer the Settlement Fund, as described further herein.

(MM)   **"Settlement Amount"** means sixty million U.S. dollars ($60,000,000.00).

(NN)   **"Settlement Fund"** means the Settlement Amount plus any interest that may accrue.

(OO)   **"Settling Class Members"** means Class Plaintiffs and other Class Members who do not timely and validly exclude themselves from the Settlement pursuant to FED. R. CIV. P. 23(c) and in accordance with the procedure to be established by the Court.

(PP)   **"JPMorgan"** means JPMorgan Chase & Co.

## 2.         Settlement Class

For settlement purposes only, Class Plaintiffs will move the Court for, and Defendants will not oppose, certification of the Settlement Class as described herein pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  The Settlement Class includes Persons and entities wherever located, and the interests of Class Members wherever they are located are served by the Settlement because the location of a Class Member does not impact a Class Member's alleged damages.

By entering into this Settlement Agreement, JPMorgan consents to the certification of the Settlement Class in this Action for settlement purposes only and shall not be estopped from challenging class certification in the event this Settlement is terminated, or the Settlement is not finally approved by the Court.

## 3.         Settlement Payment

JPMorgan shall pay the Settlement Amount into the Escrow Account controlled by Lead Counsel in accordance with the terms of this Agreement and the supervision of the Court, within ten (10) Business Days after the Court preliminarily approves the Settlement.  All interest earned on any portion of the Settlement Amount paid into the Escrow Account shall be added to and become part of the Settlement Fund.  Other than the payment of the Settlement Amount as set forth in this Section 3, JPMorgan shall have no responsibility or obligation for any interest, costs, or other monetary payment, including any attorneys' fees and expenses, taxes, Incentive Award, or costs of notice or claims administration, except that JPMorgan shall be responsible for notice as required by 28 U.S.C. § 1715, as set forth in Section 13(C).

### 4.    Payment of Attorneys' Fees and Reimbursement of Expenses, and Application for Incentive Award

(A)    Subject to Court approval, Class Plaintiffs and Lead Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current or future litigation expenses, and any Incentive Award approved by the Court.  JPMorgan shall have no responsibility for any costs, fees, or expenses incurred for or by Class Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.  Nothing in this provision shall expedite the date for JPMorgan's payments as set forth in Section 3.

(B)    Lead Counsel, on behalf of all Plaintiffs' Counsel, may apply to the Court for an award from the Settlement Fund of attorneys' fees, plus accrued interest at the same net rate as is earned by the Settlement Fund.  Lead Counsel also may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's litigation expenses, plus accrued interest at the same net rate as is earned by the Settlement Fund.

(C)    The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees, litigation expenses, or any Incentive Award that the Court may award in the Action.

(D)    The procedures for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement.  No order of the Court concerning any Fee and Expense Application or the Distribution Plan nor any modification or reversal on appeal of any such order of the Court shall constitute grounds for termination of this Agreement or affect

or delay the finality of the Final Approval Order and Final Judgment, or if applicable the Alternative Judgment, and the Settlement of the Action as set forth herein.

(E)     Prior to the Fairness Hearing, Lead Counsel and Class Plaintiffs shall file any motions seeking awards from the Settlement Fund for payment of attorneys' fees and reimbursement of costs and expenses, and for the payment of an Incentive Award as follows:

(i)     Lead Counsel shall seek attorneys' fees of no more than one-third (33 1/3 %) of the Settlement Fund;

(ii)     Lead Counsel shall seek reimbursement for their costs and expenses incurred as of the date the Motion for Final Approval and Entry of Final Judgment is filed pursuant to Section 14; and

(iii)     Class Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(F)     Following entry by the Court of (i) an order granting final approval to the material terms of the Settlement (and even if such order is subject to appeal) and (ii) an order approving an award of attorneys' fees, costs and expenses, such approved amounts from Subsections (E)(i) and (E)(ii) shall be paid from the Escrow Account within five (5) Business Days subject to an undertaking by Plaintiffs' Counsel to repay such fees and expenses (in whole or in part) to the Escrow Account, plus accrued interest at the same net rate as is earned by the Settlement Fund, in the event the award of such fees and expenses does not become Final or is not affirmed in full on appeal.  If an event occurs that will cause the Settlement Agreement not to become Final pursuant to Section 16 or if Plaintiffs or JPMorgan terminate the Settlement Agreement pursuant to Section 19, then within ten (10) Business Days after Lead Counsel either gives written notice of

termination on behalf of Class Plaintiffs or receives notice of such an event from counsel for JPMorgan or from a court of appropriate jurisdiction, Lead Counsel shall refund to the Settlement Fund any attorneys' fees, costs and expenses (not including any non-refundable expenses as described in Section 8(B)) that were withdrawn, plus accrued interest at the same net rate as is earned by the Settlement Fund.

5.      **Application for Approval of Fees, Expenses, and Costs of Settlement Fund Administration**

Lead Counsel may apply to the Court, at the time of any application for distribution to Authorized Claimants, for an award from the Settlement Fund of attorneys' fees for services performed and reimbursement of expenses incurred in connection with the administration of the Settlement after the date of the Fairness Hearing, to the extent extraordinary efforts on the part of Lead Counsel so warrant.  Lead Counsel reserves the right to make additional applications to the Court for payment from the Settlement Fund of attorneys' fees for services performed and reimbursement of expenses incurred.  Any such applications are subject to Court approval, and JPMorgan takes no position on any such applications.

6.      **No Liability for Fees and Expenses of Lead Counsel**

The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Lead Counsel for attorneys' fees, costs and expenses and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Action, or for any Incentive Award.

7.      **Distribution of and/or Disbursements from Settlement Fund**

The Settlement Administrator, subject to such supervision and direction by the Court and/or Lead Counsel as may be necessary, shall administer the Proof of Claim and Release forms submitted by the Settling Class Members and shall oversee the distribution of the Settlement Fund

pursuant to the Distribution Plan.  Upon the Effective Date (or earlier if provided in Section 8 herein), the Settlement Fund shall be applied in the order and as follows:

       (i)     to pay taxes assessed on the Settlement Fund, and tax preparation fees in connection with such taxes;

      (ii)     to pay costs and expenses associated with the distribution of the Class Notice and administration of the Settlement as provided in this Section and Section 8, including all costs and expenses reasonably and actually incurred in assisting Class Members with the filing and processing of claims against the Net Settlement Fund at any time after JPMorgan makes the payment described in Section 3;

      (iii)    to pay Escrow Agent costs;

      (iv)    to pay any attorneys' fees, costs and expenses approved by the Court upon submission of a Fee and Expense Application, as provided in Section 4;

      (v)     to pay the amount of any Incentive Award for Class Plaintiffs, as provided in Section 4; and

      (vi)    to pay the Net Settlement Fund to Authorized Claimants as allowed by this Agreement, any Distribution Plan, or order of the Court.

### 8.      Disbursements Prior to Effective Date

(A)    Except as provided in Subsection (B) herein or by Court order, no distribution to any Class Member or disbursement of fees, costs and expenses of any kind may be made from the Settlement Fund until the Effective Date.  As of the Effective Date, all fees, costs and expenses and Incentive Awards as approved by the Court may be paid out of the Settlement Fund.

(B)     Upon written notice to the Escrow Agent by Lead Counsel with a copy to JPMorgan, the following may be disbursed prior to the Effective Date: (i) reasonable costs of Class Notice and administration may be paid from the Settlement Fund as they become due (up to a maximum of $500,000) without further order of the Court; (ii) reasonable costs of the Escrow Agent may be paid from the Settlement Fund as they become due without prior order of the Court; (iii) taxes and tax expenses may be paid from the Settlement Fund as they become due without prior order of the Court; and (iv) Plaintiffs' Counsel's attorneys' fees and costs and expenses as approved by the Court (in accordance with Section 4(F)).  In the event the Settlement is terminated or does not become Final for any reason, JPMorgan shall be entitled to return of all such funds, plus all net interest accrued thereon, within ten (10) Business Days, except for up to $500,000 for reasonable costs of Class Notice and administration that have been paid or incurred prior to the date the Settlement was terminated or otherwise does not become Final for any reason, on the terms specified in Section 20.

(C)     Lead Counsel will attempt in good faith to minimize the costs of the Escrow Agent, Class Notice and administration.

### 9.     Distribution of Balances Remaining in Net Settlement Fund to Authorized Claimants

(A)     The Net Settlement Fund shall be distributed to Authorized Claimants.  The distribution to Authorized Claimants shall be in accordance with the Distribution Plan that hereafter is to be approved by the Court upon such notice to the Class as the Court requires.  The Distribution Plan will not differentiate among Class Members based on the jurisdiction in which they reside or do business, it being understood for this purpose that the impact of currency fluctuations, differing tax obligations or analogous regulatory distinctions that affect the amount a Class Member actually receives shall not constitute differentiation.  Any such Distribution Plan is

not a part of this Agreement; however, in connection with requesting Preliminary Approval, Lead Counsel shall submit a proposed Distribution Plan to the Court that, upon the Court's approval, shall be disclosed to Class Members in the Class Notice.  No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until (i) the Effective Date and (ii) the date by which the Distribution Plan has received final approval and the time for any further appeals with respect to the Distribution Plan has expired.  Should there be any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel may submit an additional distribution plan to the Court for its approval.  JPMorgan will not be required to have any involvement in (and will have no liability for) selection of any Settlement Administrator, the claims administration process, or any Distribution Plan of the Settlement proceeds.

(B)    This is not a claims-made settlement and the Parties' expectation is that the Settlement Amount will be fully distributed to Settling Class Members.  In the event the Settlement Amount has not been fully distributed to the Class within four (4) years from the Effective Date (or at such other time as the Parties may mutually agree), the Parties shall confer as to the disposition of any remaining funds in the Net Settlement Fund and, if the Parties are unable to reach an agreement, seek the Court's intervention.  The four-year time period set out in this paragraph shall be tolled during any time period during which any distribution motion is pending with the Court or any distribution order by the Court is pending appeal.

### 10.        Administration/Maintenance of Settlement Fund

The Settlement Fund shall be maintained by the Escrow Agent and Lead Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by subsequent orders of the Court (except as provided for in this Settlement Agreement).  The Parties intend that the Settlement Fund be treated as a "qualified

settlement fund" within the meaning of Treasury Regulation § 1.468B.  Lead Counsel shall ensure that the Settlement Fund at all times complies with Treasury Regulation § 1.468B in order to maintain its treatment as a qualified settlement fund.  To this end, Lead Counsel shall ensure that the Settlement Fund is approved by the Court as a qualified settlement fund and that any Escrow Agent, Settlement Administrator or other administrator of the Settlement Fund complies with all requirements of Treasury Regulation § 1.468B-2.  Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of Lead Counsel.

## 11.        Release and Covenant Not To Sue

(A)     Upon the Effective Date, the Releasing Parties shall release and be deemed to have released and forever discharged and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.

(B)     Although the foregoing release is not a general release, such release constitutes a waiver by Class Plaintiffs and each Settling Class Member of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject

matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

(C)     Upon the Effective Date, JPMorgan will release Class Plaintiffs, the Settlement Class, and their respective attorneys, from all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law (including FED. R. CIV. P. 11), that arise out of or relate in any way to the initiation, prosecution, or settlement of the Action as against JPMorgan, except for claims relating to the enforcement of the Settlement.

## 12.        Motion for Preliminary Approval

As soon as practicable after the Execution Date, at a time to be mutually agreed by JPMorgan and Lead Counsel, Lead Counsel, on behalf of Class Plaintiffs, shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order in the Action.

## 13.        Class Notice

(A)     In the event that the Court preliminarily approves the Settlement, Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure, provide Class Members whose identities can be determined after reasonable efforts with the Class Notice.  The Class Notice shall explain the general terms of the Settlement Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense Application, and a

description of Class Members' rights to object to the Settlement, request exclusion from the Class and appear at the Fairness Hearing.  The text of the Class Notice shall be in substantially the form attached as Exhibits C and D or as otherwise ordered by the Court.

(B)    Unless otherwise directed by the Court, the Class Notice shall request that any member of the Settlement Class who or which wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing, which shall: (a) state the name, address, and telephone number of the Person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such Person or entity requests to be excluded from the Settlement Class in the Action (*In re JPMorgan Precious Metals Spoofing Litig.*, No. 18-cv-10356 (GHW) (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such Person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.   To facilitate the Supplemental Agreement, the Parties agree that any Class Member seeking to exclude himself, herself, or itself from the Settlement Class will be requested to provide either (i) documentation evidencing eligible trading in Precious Metals Futures and Options on Precious Metals Futures during the Class Period (including contract traded, date(s) and price(s) at which position acquired and subsequently closed out, and trade volume), or (ii) such Class Member's tag50 ID(s) and an executed waiver and request to the CME Group to unmask such Class Member's account information for verification. In the event that a Class Member validly excludes himself, herself, or itself but information sufficient to effectuate the Supplemental Agreement is lacking, or in the event that the Court is not willing to include in the Class Notice a provision requesting a Class Member to provide the information set forth in subparts (i) or (ii) of this Paragraph, a Party may seek leave of the Court

to obtain, through subpoena if necessary, sufficient information to effectuate the Supplemental Agreement, and the Other Party shall not oppose an adjournment of the Fairness Hearing to allow time for this process to be completed.

(C)     JPMorgan shall bear the costs and responsibility for timely serving notice of the Settlement to the extent required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. JPMorgan shall provide certification to Lead Counsel (and, if required, the Court) concerning its compliance with the service of notice pursuant to CAFA.

## 14.        Motion for Final Approval and Entry of Final Judgment

(A)     After Class Notice is issued, and prior to the Fairness Hearing, Lead Counsel, on behalf of Class Plaintiffs, shall move for entry of the Final Approval Order and Final Judgment in this Action:

(i)        certifying, solely for settlement purposes, the Settlement Class;

(ii)        finding that the Class Notice constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(iii)        finally approving this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement of the Settlement Class' claims against JPMorgan under Rule 23 of the Federal Rules of Civil Procedure;

(iv)      directing that, as to the Released Parties, the Action be dismissed with prejudice and without costs as against the Settling Class Members;

(v)      discharging and releasing the Released Claims as to the Released Parties;

(vi)      barring and enjoining claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise;

(vii)      discharging and releasing Class Plaintiffs, the Settlement Class, and their respective attorneys from any claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law (including FED. R. CIV. P. 11) that arise out of or relate in any way to the institution, prosecution, or settlement of the Action as against JPMorgan, except for claims relating to the enforcement of the Settlement;

(viii)      reserving the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Agreement; and

(ix)      containing such other and further provisions consistent with the terms of this Agreement to which JPMorgan and Class Plaintiffs expressly consent in writing.

(B)      Prior to the Fairness Hearing, as provided in Section 4, Lead Counsel will timely request by separate motion that the Court approve its Fee and Expense Application.  The Fee and Expense Application and the Distribution Plan are matters separate and apart from the Settlement between the Parties.  If the Fee and Expense Application or the Distribution Plan is not approved, in whole or in part, it will have no effect on the finality of the Final Approval Order and Final Judgment approving the Settlement and dismissing the Action with prejudice as to the Released Parties.

### 15.        Best Efforts to Effectuate This Settlement

The Parties agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.

### 16.        Effective Date

Unless terminated earlier as provided in this Settlement Agreement, this Settlement Agreement shall become effective and final as of the date upon which all of the following conditions have been satisfied:

(A)      The Settlement Agreement has been fully executed by JPMorgan and Class Plaintiffs through their counsel;

(B)      The Court has certified the Settlement Class, and entered the Preliminary Approval Order, substantially in the form attached as Exhibit A, preliminarily approving this Settlement Agreement and approving the Class Notice;

(C)      Class Notice has been issued in substantially the form attached as Exhibits C and D or as otherwise ordered by the Court;

(D)     The Court has entered its Final Approval Order and Final Judgment, in substantially in the form attached as Exhibit B, or if applicable the Alternative Judgment, finally approving the Settlement Agreement in all respects as required by Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action with prejudice as to the Released Parties; however, this required approval does not include the approval of the Fee and Expense Application and the Distribution Plan; and

(E)     The Final Approval Order and Final Judgment, or, if applicable, the Alternative Judgment, dismissing the Action with prejudice as to the Released Parties becomes Final.

### 17.     Occurrence of Effective Date

Upon the occurrence of all of the events specified in Section 16, the Net Settlement Fund may be transferred from the Escrow Agent to the Settlement Administrator at the written direction of Lead Counsel.

### 18.     Failure of Effective Date to Occur

If any of the conditions specified in Section 16 is not and cannot be satisfied, then this Agreement shall be terminated, subject to and in accordance with Section 19, unless the Parties mutually agree in writing to continue with this Agreement for a specified period of time.

### 19.     Termination

(A)     JPMorgan shall have the right, but not the obligation, in its sole discretion, to terminate this Settlement Agreement by providing written notice to Lead Counsel within fifteen (15) Business Days of JPMorgan learning of any of the following events:

(i)      the Court declines to enter or modifies the Preliminary Approval Order sought pursuant to Section 12 or the Final Approval Order

and Final Judgment (or the Alternative Judgment) sought pursuant to Section 14 in any material respect;

     (ii)    the Court declines to approve the Settlement Agreement or any material part of it; or

     (iii)    the Final Approval Order and Final Judgment (or the Alternative Judgment) is modified or reversed or vacated by any appellate court in any material respect.

(B)    Lead Counsel, acting on behalf of the Class Plaintiffs, shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to JPMorgan's counsel within fifteen (15) Business Days of any of the following events, provided that the occurrence of the event substantially deprives Class Plaintiffs of the benefit of the Settlement:

     (i)    the Court declines to enter or modifies the Preliminary Approval Order sought pursuant to Section 12 or the Final Approval Order and Final Judgment (or the Alternative Judgment) sought pursuant to Section 14 in any material respect;

     (ii)    the Court declines to approve the Settlement Agreement or any material part of it; or

     (iii)    the Final Approval Order and Final Judgment (or the Alternative Judgment) is modified or reversed or vacated by any appellate court in any material respect.

(C)    In the event that JPMorgan, for any reason, fails to comply with Section 3 and fails to cure such non-compliance as hereafter provided, then on ten (10) Business Days' written notice

26

to JPMorgan's counsel, during which ten-Business Day period JPMorgan shall have the opportunity to cure the default without penalty, Class Plaintiffs, by and through Lead Counsel, may terminate this Settlement Agreement or may elect to enforce the Settlement Agreement as provided by the Federal Rules of Civil Procedure and any other applicable laws.

(D)    Simultaneously herewith, Class Plaintiffs, by and through Lead Counsel, and JPMorgan, are executing a "Supplemental Agreement," which relates exclusively to certain conditions under which this Settlement may be terminated at the sole discretion of JPMorgan if potential Class Members who meet certain criteria exclude themselves from the Settlement Class. The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court.  The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement or its terms.  In the event JPMorgan terminates this Settlement pursuant to the Supplemental Agreement, this Settlement Agreement shall become null and void and of no further force and effect and the Parties shall be returned to the *status quo ante* to the greatest possible extent.

## 20.        Effect of Termination

Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement is terminated or cancelled in accordance with the terms hereof, or otherwise fails to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Final Approval Order and Final Judgment, or if applicable the Alternative Judgment, is reversed or vacated following any appeal, then:

(A)     Within ten (10) Business Days after written notification of such event is sent by counsel for JPMorgan or Lead Counsel to all Parties and the Escrow Agent, the Settlement Amount, all net interest accrued thereon and any amount required to be refunded by Lead Counsel pursuant to Section 4(F) will be refunded, reimbursed, and repaid by the Escrow Agent to JPMorgan, except as provided in Section 8(B).

(B)     The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to JPMorgan, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(C)     The Parties shall be returned, to the maximum extent possible, to their respective positions in the Action as of immediately prior to the execution of the Term Sheet with all of their respective legal claims, defenses, and rights preserved as they existed at that time; and

(D)     Upon termination of this Settlement Agreement with respect to all Parties, then:

  (i)     this Agreement shall be null and void and of no further effect, and none of JPMorgan, the Class Plaintiffs, or members of the Settlement Class shall be bound by any of its terms;

  (ii)     any and all releases hereunder shall be of no further force and effect;

  (iii)     the Parties shall be deemed reverted *nunc pro tunc* to their respective status in the Action as of May 20, 2021 and shall proceed in all respects as if this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact or terms of the Settlement, and with all of their respective legal claims,  defenses, and rights preserved as they existed on that date; and

(iv)     any and all rulings, orders, or judgments entered, altered, amended or vacated by the Court in accordance with the terms of this Settlement Agreement shall be deemed reverted *nunc pro tunc* to their respective status as of May 20, 2021 and shall proceed in all respects as if this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact or terms of the Settlement.

### 21.      Confidentiality Protection

Class Plaintiffs, Lead Counsel, Plaintiffs' counsel, counsel for JPMorgan, and JPMorgan agree to maintain the confidentiality of the terms of this Settlement Agreement prior to the filing of a Motion for Preliminary Approval.  During this period, this Settlement Agreement and its terms are and shall be treated as confidential and shall not be disclosed, described, or characterized to any other Person, attorney, entity, publication, or member of the media, except (a) as may be required by law, judicial process, or order of a court, to enforce the terms of the Settlement, (b) to implement the Class Notice, facilitate the claims and administration process, establish the Settlement Fund, and develop the Distribution Plan, or (c) as otherwise agreed by the Parties. Notwithstanding the foregoing, JPMorgan may disclose such information to a governmental or regulatory authority, the IRS, its auditors, or its insurance carriers if it determines that disclosure is appropriate or required by applicable law.  Further, JPMorgan may disclose such information in its securities filings and/or financial disclosures if it determines that disclosure is appropriate or required by applicable law but shall consult with Class Plaintiffs prior to doing so.  The Parties will consult with each other with a view towards coordinating the timing of any public disclosure concerning the fact that the settlement has been reached or the Settlement Amount.

22.      **Binding Effect**

(A)      This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of JPMorgan, the Released Parties, the Class Plaintiffs, and Releasing Parties.

(B)      The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of such breach by any other Party or a waiver by any Party of any other prior or subsequent breach of this Settlement Agreement.

23.      **Integrated Agreement**

This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein.   This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto.   This Settlement Agreement may not be modified in any respect except by a writing executed by all the Parties hereto.   Notwithstanding the foregoing, this Settlement Agreement does not modify or alter in any way the Parties' Mediation Confidentiality Agreement, dated July 21, 2020, with the Mediator.

24.      **Headings**

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

### 25.        No Party is the Drafter

None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter. This Settlement Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations and that all Parties have contributed substantially and materially to its preparation.

### 26.        Choice of Law

All provisions of this Settlement Agreement and its exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of New York, without regard to its choice of law or conflict of laws principles.

### 27.        Execution in Counterparts

This Settlement Agreement may be executed in one or more counterparts. Facsimile and scanned/PDF signatures shall be considered valid signatures. All executed counterparts shall be deemed to be one and the same instrument. There shall be no agreement until the fully signed counterparts have been exchanged and delivered to each of the Parties.

### 28.        Submission to and Retention of Jurisdiction

The Parties, Released Parties, and the Releasing Parties irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Southern District of New York solely for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto. For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties and the Releasing

Parties irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked power to approve this Settlement Agreement or enter any of the orders contemplated hereby.

### 29.        No Reservation of Rights

This Settlement Agreement settles and compromises any and all claims by Class Plaintiffs or any Class Member asserted against the Released Parties in the Action and all other Released Claims.

### 30.        Notices

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, *viz.*, if to Class Plaintiffs, then to: Vincent Briganti, Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, New York 10601 and if to JPMorgan, then to Robert A. Sacks, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067 and Amanda F. Davidoff, Sullivan & Cromwell LLP, 1700 New York Avenue, N.W., Suite 700, Washington, DC 20006, or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

### 31.        Authority

In executing this Settlement Agreement, Lead Counsel represent and warrant that they have been fully authorized to execute this Settlement Agreement on behalf of Class Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken. JPMorgan represents and warrants that its undersigned counsel is fully empowered to execute the

Settlement Agreement on behalf of JPMorgan and that all actions necessary for the execution of this Settlement Agreement have been taken.

### 32. Stay

The Parties stipulate and agree that the stay in effect pursuant to the Court's May 17, 2021 Order Granting Letter Motion to Stay (ECF No. 71) shall remain in effect pending the Court's entry of the Preliminary Approval Order. If the Settlement is terminated in accordance with the provisions of Sections 19 and 20 of this Settlement Agreement, the stay previously in effect pursuant to this Court's May 17 Order, with the expiration date therein, will automatically be reinstated.

### 33. Tax Advice

No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. Each Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.


**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

Dated: September 1, 2021

**LOWEY DANNENBERG, P.C.**

Vincent Briganti
44 South Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: vbriganti@lowey.com

*Lead Counsel for Class Plaintiffs*

Dated: September 1, 2021

**SULLIVAN & CROMWELL LLP**

Robert A. Sacks
Amanda F. Davidoff
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: sacksr@sullcrom.com
        davidoffa@sullcrom.com

*Counsel for Defendant JPMorgan Chase & Co.*

Dated: September 1, 2021          **LOWEY DANNENBERG, P.C.**


_____

Vincent Briganti
44 South Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: vbriganti@lowey.com

*Lead Counsel for Class Plaintiffs*


Dated: September 1, 2021          **SULLIVAN & CROMWELL LLP**

_____

Robert A. Sacks
Amanda F. Davidoff
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588
Email: sacksr@sullcrom.com
         davidoffa@sullcrom.com

*Counsel for Defendant JPMorgan Chase & Co.*

EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Case No.: 1:18-cv-10356 (GHW) |
| | **EXHIBIT A TO STIPULATION AND AGREEMENT OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED]**
**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT,**
**SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND**
**APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS**

Plaintiffs Dominick Cognata, Melissinos Trading, LLC, Casey Sterk, Kevin Maher, Kenneth Ryan, Robert Charles Class A, L.P., Robert L. Teel, Mark Serri, Yuri Alishaev, Abraham Jeremias, and Morris Jeremias (collectively, "Class Plaintiffs") and the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant JPMorgan Chase & Co. ("JPMorgan") in accordance with the Stipulation and Agreement of Settlement entered into on September 1, 2021 (the "Settlement Agreement") between Class Plaintiffs and JPMorgan; the Court having read and considered the Settlement Agreement and accompanying documents; and Class Plaintiffs and JPMorgan (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this __ day of _____, 20__, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.     Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.     The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over Class Plaintiffs and JPMorgan (in this Action only and for purposes of this Settlement only), and all Class Members.

3.     Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.  The Settlement Class is defined as:

All Persons and entities wherever located that purchased or sold any Precious Metals Futures[1] or Options on Precious Metals Futures on the New York Mercantile Exchange ("NYMEX") or Commodity Exchange Inc. ("COMEX") from March 1, 2008 through August 31, 2016 (the "Class Period").  Excluded from the Settlement Class are: (i) JPMorgan and any parent, subsidiary, affiliate or agent of JPMorgan, provided, that any Investment Vehicle shall not be excluded from the Settlement Class, but under no circumstances may JPMorgan (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle[2]; and (ii) the United States Government.

4.      The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5.      The Court appoints _____ as Settlement Administrator for purposes of the Settlement.

6.      Class Plaintiffs are hereby appointed as representatives of the Settlement Class.

7.      A hearing will be held on a date of the Court's convenience on or after _____, 20__ at __  [a.m./p.m.] in Courtroom 12C of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing").  The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Class Members, other than that which may be posted at the Court or on the Settlement website at www.preciousmetalsfuturesclassactionsettlement.com.

---

[1] "Precious Metals Futures" means Gold Futures contract(s), Silver Futures contract(s), Platinum Futures contract(s) or Palladium Futures contract(s), and "Options on Precious Metals Futures" means any option on Precious Metals Futures.

[2] "Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including, but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, retirement accounts, and employee benefit plans, in which any Defendant has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

8.      The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

9.      The terms of the Settlement Agreement are hereby preliminarily approved.  The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.  The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

10.     All proceedings in this Action as to Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

11.     All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect

3

an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

12.     Within _____ (     ) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit __ to the Declaration of Vincent Briganti, Esq., dated _____, 20__ ("Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Affidavit of _____, dated _____, 20__. Briganti Decl. Ex. __.  The foregoing mailings shall be completed no later than _____ (    ) days after the date of the entry of this Order.

13.     Within _____ (     ) days after entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit __ to the Briganti Decl., as described in the proposed notice program attached to the Affidavit of _____.  Briganti Decl. Ex. __.  All reasonable Notice and Administration Costs up to $500,000 shall be paid as set forth in the Settlement Agreement without further order of the Court.  Any Notice and Administration Costs in excess of $500,000 may be paid from the Settlement Fund only with the approval of the Court.

14.     The Settlement Administrator shall maintain a Settlement website, www.preciousmetalsfuturesclassactionsettlement.com, beginning on the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlement.  The website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions.  The website may be amended as appropriate during the course of the

administration       of       the       Settlement.           The       Settlement       website, www.preciousmetalsfuturesclassactionsettlement.com, shall be searchable on the Internet.

15.     The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

16.     The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein.  The Class Notice plan specified herein: (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

17.     At least _____ (       ) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 12-15 of this Order.

18.     Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant.  However, except for good cause shown, no person other than Class Counsel and JPMorgan's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental entity

shall be considered by the Court unless, not later than forty-five (45) days prior to the Fairness Hearing, the Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and counsel of record for JPMorgan) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion.  Such submission must contain: (1) a heading that refers to this Action by case name and case number; (2) a statement of the specific legal and factual basis for each objection or intervention argument, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class; (3) a statement of whether the objecting  person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address,  telephone number, and e-mail address; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the  Precious Metals Futures or Options on Precious Metals Futures transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type of the transaction, the counterparty (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector

in the last five years.  Persons who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

19.     Any objection to the Settlement submitted by a Class Member pursuant to paragraph 18 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel.  The right to object to the proposed Settlement must be exercised individually by a Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Class Member's legally authorized representative.

20.     All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

21.     Any Class Member or governmental entity that fails to object in the manner described in paragraphs 18-20 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement.  Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than fourteen (14) days before the Fairness Hearing.  Class Counsel, JPMorgan's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

22.     Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail or courier service (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and received no later than forty-five

(45) days before the Fairness Hearing (the "Exclusion Bar Date").  Any Request for Exclusion

must contain the following information:

(a) the name, address, and telephone number of the Person or entity
seeking exclusion, and in the case of entities, the name and telephone
number of the appropriate contact person;

(b) a statement that such Person or entity requests to be excluded from the
Settlement Class in this Action (*In re JPMorgan Precious Metals
Spoofing Litig.*, No. 18-cv-10356 (GHW) (S.D.N.Y.)); and

(c) documents sufficient to prove membership in the Settlement Class, as
well as proof of authorization to submit the Request for Exclusion if
submitted by an authorized representative. Class Members seeking to
exclude himself, herself or itself from the Settlement Class will be
requested to provide either:  (i) documentation evidencing eligible
trading in Precious Metals Futures and Options on Precious Metals
Futures during the Class Period (including contract traded, date(s) and
price(s) at which position acquired and subsequently closed out, and
trade volume), or (ii) such Class Member's tag50 ID(s) and an
executed waiver and request to the CME Group to unmask such Class
Member's account information for verification.

23.    Any Request for Exclusion from the Settlement submitted by a Class Member

pursuant to paragraph 22 of this Order must be signed by the Class Member (or his, her, or its

legally authorized representative) and notarized, even if the Class Member is represented by

counsel.  The right to be excluded from the proposed Settlement must be exercised individually by

a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass,

except that a Request for Exclusion may be submitted by a Class Member's legally authorized

representative.  A Request for Exclusion shall not be effective unless it provides all of the required

information listed in paragraph 22 of this Order, complies with this paragraph 23, and is received

by the Exclusion Bar Date, as set forth in the Class Notice.  The Parties may seek discovery,

including by subpoena, from any Class Member who submits any Request for Exclusion limited

to information the Parties require for purposes of determining whether the confidential provision

setting forth certain conditions under which the Settlement may be terminated if potential Class

Members who meet certain criteria exclude themselves from the Settlement Class has been triggered.

24.     Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Action or the proposed Settlement.

25.     The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and JPMorgan's counsel as requested.

26.     The Settlement Administrator shall furnish Class Counsel and counsel for JPMorgan with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) Business Day of receipt thereof.

27.     Within five (5) Business Days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list.  The Settlement Administrator shall provide counsel for JPMorgan and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) Business Day after receipt by the Settlement Administrator and, in no event, later than five (5) Business Days after the Exclusion Bar Date.  Class Counsel shall file the

opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

28.     All Proofs of Claim and Release shall be submitted by Class Members to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than thirty (30) days after the Fairness Hearing.

29.     To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for JPMorgan; and (j) providing Class Counsel and counsel for JPMorgan with copies of any Requests for Exclusion (including all documents submitted with such requests).

30.     The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

31.     The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

32.     The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

33.     Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by the Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for Precious Metals Futures or Options on Precious Metals Futures and the prices of Precious Metals Futures or Options on Precious Metals Futures; or (e) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or

indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense.   All rights of Defendants and Class Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

34.     Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least sixty (60) days prior to the Fairness Hearing.

35.     If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

36.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.preciousmetalsfuturesclassactionsettlement.com.

37.     In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

38.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

39.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

**IT IS SO ORDERED.**

Signed this_____day of_____, 20__, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable Gregory H. Woods
United States District Judge

13

EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Case No.: 1:18-cv-10356 (GHW) |
| | **EXHIBIT B TO STIPULATION AND AGREEMENT OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

**EXECUTION VERSION**

This matter came before the Court for a duly-noticed hearing on _____, 20__

(the "Fairness Hearing"), upon Class Plaintiffs'[1] Motion for Final Approval of Class Action

Settlement with Defendant JPMorgan Chase & Co. ("JPMorgan"), which was consented to by

JPMorgan (together with Class Plaintiffs, the "Parties").   Due and adequate notice of the

Settlement Agreement[2] having been given to the Class Members, the Fairness Hearing having been

held and the Court having considered all papers filed and proceedings had herein, and otherwise

being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Final Approval Order and Final Judgment hereby incorporates by reference

the definitions in the Settlement Agreement and all terms used herein, except as otherwise

expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to

enter this Final Approval Order and Final Judgment and has personal jurisdiction over Class

Plaintiffs and JPMorgan (in this Action only and for purposes of this Settlement only) and all Class

Members.

3.      For purposes only of the settlement of the Released Claims set forth in the

Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class,

as defined in the Court's _____, 20__ Order Preliminarily Approving Proposed

Settlement with JPMorgan Chase & Co., Scheduling Hearing for Final Approval Thereof, and

Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval

Order"). ECF No. ____.  Based on the record, the Court reconfirms that the applicable provisions

---

[1] "Class Plaintiffs" are Dominick Cognata, Melissinos Trading, LLC, Casey Sterk, Kevin Maher, Kenneth Ryan, Robert Charles Class A, L.P., Robert L. Teel, Mark Serri, Yuri Alishaev, Abraham Jeremias, and Morris Jeremias.

[2] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with JPMorgan entered into on September 1, 2021 (ECF No. __).

of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.      In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3).  The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to JPMorgan's alleged manipulation of the market for Precious Metals Futures or Options on Precious Metals Futures traded on the Commodity Exchange Inc. ("COMEX") or the New York Mercantile Exchange ("NYMEX") and the prices of Precious Metals Futures or Options on Precious Metals Futures, FED. R. CIV. P. 23(a)(2); (iii) Class Plaintiffs' claims in this litigation are typical of those of the Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Class Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Class Plaintiffs and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4).  The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3). Class Plaintiffs are certified as representatives of the Settlement Class.  Pursuant to FED. R. CIV. P.  23(g), Lowey Dannenberg, P.C. is certified as class counsel for the Settlement Class.

5.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of

their right to exclude themselves from or object to the proposed Settlement, of their right to appear

at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award

of attorneys' fees, for reimbursement of expenses associated with the Action, and any Incentive

Award; (c) provided a full and fair opportunity to all Class Members to be heard with respect to

the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure

23, Due Process, and any other applicable rules or law.  Based upon JPMorgan's submission to

the Court dated _____, the Court further finds that JPMorgan has complied with the

obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.      The Court finds that _____ Class Members have validly requested to be excluded

from the Settlement Class.  Those excluded Class Members are identified at ECF No. _____.

7.      The Court finds that _____ timely objections to the proposed Settlement have been

submitted.  Notwithstanding the [lack of] objections, the Court has independently reviewed and

considered all relevant factors and has conducted an independent examination into the propriety

of the proposed Settlement.  [The Court finds all objections are without merit and they are hereby

overruled.]

8.      It is hereby determined that Class Plaintiffs and the Releasing Parties are bound by

the Settlement Agreement and this Final Approval Order and Final Judgment, and the Action and

the Released Claims against any of the Released Parties, as provided under the Settlement

Agreement, are hereby dismissed with prejudice and released.  The Parties shall bear their own

costs, except as otherwise provided in the Settlement Agreement.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

finally approves the Settlement, as set forth in the Settlement Agreement.  This Court finds that

the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and

3

is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Class Plaintiffs.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Class Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.     Notwithstanding the entry of this Final Approval Order and Final Judgment, if the Settlement Agreement is validly terminated by Class Plaintiffs or JPMorgan, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Approval Order and Final Judgment dismissing Class Plaintiffs' claims shall be null and void with respect to such Settlement; Class Plaintiffs' claims shall be reinstated; Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the

Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.     The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account").  The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.     Without affecting the finality of the Final Approval Order and Final Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order and Final Judgment.  The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Final Judgment, and to consider or approve the amounts of distributions to Class Members.  In addition, without affecting the finality of this Final Approval Order and Final Judgment, Class Plaintiffs, JPMorgan, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order and Final Judgment or the Settlement Agreement.  Any disputes involving Class Plaintiffs, JPMorgan, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13.     Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement.   The Court hereby confirms the appointment of _____ as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue.   However, each Class Member's claims shall be released pursuant to Section 11 of the Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14.     The Court hereby approves the Releasing Parties'[3] releases of the Released Claims[4]

against the Released Parties[5] as set forth in the Settlement Agreement and this Final Approval

Order and Final Judgment and, upon the Effective Date, the Releasing Parties shall release and be

deemed to release and forever discharge and shall be forever enjoined from prosecuting the

Released Claims against the Released Parties.[6]

---

[3] "Releasing Parties" or "Releasing Party" means, individually and collectively, each and every Class Plaintiff and each and every Settling Class Member on such Person or entity's own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Amount.  Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in Precious Metals Futures or Options on Precious Metals Futures who do not validly opt out of the settlement.

[4] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to any of the facts, conduct, or events that were or could have been alleged or asserted in the Action against the Released Parties in any way involving or concerning Precious Metals Futures or Options on Precious Metals Futures purchased, sold, held, traded, and/or transacted by the Class Plaintiffs, Class Members, and/or Settling Class Members, including, but not limited to, any alleged manipulation or spoofing of Precious Metals Futures or Options on Precious Metals Futures under any statute, regulation, or common law, or the defense or settlement of such claims.

[5] "Released Parties" or "Released Party" means all Defendants in this Action, including the Individual Defendants and JPMorgan, its predecessors, successors and assigns, its past and present direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

[6] Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR
RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR
AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER,

15.     The Court declares that the Settlement Agreement and the Final Approval Order and Final Judgment shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of Class Plaintiffs and each Releasing Party, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or this proposed Settlement.

16.     The Court permanently bars and enjoins Class Plaintiffs and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against the Defendants or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Defendants or any of the Released Parties based on the Released Claims; or (c)

---

WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against the Defendants or any of the Released Parties based on the Released Claims.

17.     The Court permanently bars and enjoins claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.   To the extent permitted by law, the Court permanently bars and enjoins claims by Defendants and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against: (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action.   Should any court determine that any Defendant is/was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from JPMorgan arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against JPMorgan.

18.     Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor

the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for Precious Metals Futures or Options on Precious Metals Futures traded on COMEX or NYMEX and the prices of Precious Metals Futures or Options on Precious Metals Futures; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not relieve the Parties of their obligations under the Parties' Mediation Confidentiality Agreement, dated July 21, 2020, which applies to the Mediation Information provided by JPMorgan to Class Plaintiffs in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Final Judgment; and (ii) do not limit the rights of Settling Class Members.

19.     The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.   Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class.   In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20.     The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Sections 7 and 19 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

21.     The Settlement Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Distribution Plan. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Proposed Class Action Settlement, [DATE] Fairness Hearing Thereon, and Class Members' Rights ("Notice") sent to Class Members. Lead Counsel may, in their discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

22.     If a Claim is deficient, the Settlement Administrator shall send the Class Member a deficiency letter which will give the Class Member at least twenty (20) days to cure the deficiency. If the Class Member fails to cure the deficiency within the specified period, the Settlement Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason(s) for

the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court for review no later than seven (7) days after Lead Counsel submits an application for the distribution of the Net Settlement Fund to eligible claimants.

23.     Separate orders shall be entered regarding Lead Counsel's Fee and Expense Application. Such orders shall in no way affect or delay the finality of this Final Approval Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

24.     The word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

25.     The Court directs that this Final Approval Order and Final Judgment shall be Final and entered forthwith.

**IT IS SO ORDERED.**

Signed this ____ day of _____, 20__.

_____
The Honorable Gregory H. Woods
United States District Judge

EXECUTION VERSION – EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Case No.: 1:18-cv-10356 (GHW) |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, [DATE], 2021 FAIRNESS HEARING THEREON AND CLASS MEMBERS' RIGHTS

**This Notice of Proposed Class Action Settlement, [Date], 2021 Fairness Hearing Thereon and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION. TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST ELECTRONICALLY SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") ON OR BEFORE [DATE] OR MAIL YOUR CLAIM FORM TO THE ADDRESS IN QUESTION 12 SO THAT IT IS POSTMARKED NO LATER THAN [DATE].*

TO:     ALL PERSONS WHO PURCHASED OR SOLD ANY PRECIOUS METALS FUTURES OR OPTIONS ON PRECIOUS METALS FUTURES ON THE COMMODITY EXCHANGE INC. ("COMEX") OR NEW YORK MERCANTILE EXCHANGE ("NYMEX") FROM MARCH 1, 2008 THROUGH AUGUST 31, 2016 (THE "CLASS PERIOD")

"Precious Metals Futures" means Gold Futures contract(s), Silver Futures contract(s), Platinum Futures contract(s) or Palladium Futures contract(s), and "Options on Precious Metals Futures" means any option on Precious Metals Futures.

The purpose of this Notice is to inform you of a proposed settlement in this Action (the "Settlement") with Defendant JPMorgan Chase & Co. ("JPMorgan"). Class Plaintiffs entered into the Settlement Agreement with JPMorgan on September 1, 2021.

You are receiving this Notice because records indicate that you may have transacted in one or more Precious Metals Futures or Options on Precious Metals Futures during the Class Period and may be a Class Member in this Action.

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Claim Form, or any other questions by Class Members should be directed to:

Precious Metals Futures Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX
Website: www.preciousmetalsfuturesclassactionsettlement.com

*If you are a brokerage firm, futures commission merchant, nominee or other person or entity who or which entered into Precious Metals Futures traded on the COMEX and/or the NYMEX or Options on Precious Metals Futures during the Class Period for the beneficial interest of persons or organizations other than yourself,* you are requested to, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) provide to [Settlement Administrator] (the "Settlement Administrator") the name and last known address of each person or organization for whom or which you made such Precious Metals Futures or Options on Precious Metals Futures transactions during the Class Period; or (ii) request from the Settlement Administrator sufficient copies of the Notice to forward directly to beneficial owners of the Precious Metals Futures or Options on Precious Metals Futures transactions. You may be reimbursed from the Settlement Fund for your reasonable out-of-pocket expenses. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Settlement Administrator at the address listed above.

Class Plaintiffs allege that Defendants, JPMorgan and three of JPMorgan's former futures traders (John Edmonds, Robert Gottlieb, and Michael Thomas Nowak) unlawfully and intentionally manipulated the prices of gold and silver futures and options contracts traded on COMEX and platinum and palladium futures and options traded on NYMEX during the Class Period in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1, et seq. and the common law.

The Court has preliminarily approved the Settlement with JPMorgan. To resolve all Released Claims against all Released Parties, JPMorgan has agreed to pay a total of **$60 million** (the "Settlement Amount"). Class Members who or which do not opt out of the Settlement will release their claims against all Defendants in the Action.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Settlement Agreement and Distribution Plan, which are available at www.preciousmetalsfuturesclassactionsettlement.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing in connection with this Settlement, you will receive no payment from the Settlement *and* you will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and the settlement release.  *See* question 18. |
| **FILE A CLAIM FORM** | The only way to receive your share of the Net Settlement Fund is to complete and electronically submit a timely and valid Claim Form to the Settlement Administrator by no later than **[DATE]**, or to mail your completed Claim Form so that it is postmarked no later than **[DATE]**.  *See* question 12. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement, you must submit a written request to the Settlement Administrator that is received by **[DATE]**.  If you exclude yourself, you will not be bound by the Settlement, if approved, or settlement release, and you will not be eligible for any payment from the Settlement.  *See* questions 19 - 23. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, you must file a written objection with the Court and serve copies on Lead Counsel and JPMorgan's Counsel by **[DATE]**. You must be and remain within the Settlement Class in order to object. *See* questions 24 and 25. |
| **GO TO THE FAIRNESS HEARING** | You may ask the Court for permission to speak about the Settlement at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Lead Counsel and JPMorgan's Counsel by **[DATE]**.  The Fairness Hearing is scheduled for **[DATE]**.  *See* questions 28 - 30. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense.  *See* question 30. |

These rights and options and the deadlines to exercise them are explained in this Notice.  The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreement, which is available on the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com.

The Court has appointed the lawyers listed below ("Lead Counsel") to represent you and the Settlement Class in this Action:

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com

Please regularly visit the Settlement Website, which can be found at www.preciousmetalsfuturesclassactionsettlement.com, for updates relating to the Settlement.

## <u>WHAT THIS NOTICE CONTAINS</u>

BASIC INFORMATION ....................................................................................................... 6

   1.     What Is A Class Action Lawsuit? ................................................................................6

   2.     Why Did I Get This Notice? ........................................................................................6

   3.     What Are The Definitions Used In This Notice? .........................................................7

   4.     What Is This Action About?..........................................................................................7

   5.     What Is The History Of This Action? ..........................................................................7

   6.     Why Is There A Settlement? ........................................................................................8

   7.     How Does The Settlement Affect The Claims Against Defendants Other Than JPMorgan? .................9

WHO GETS MONEY FROM THE SETTLEMENT ...................................................... 9

   8.     How Do I Know If I Am A Class Member? ................................................................9

   9.     Are There Exceptions To Being Included In The Settlement Class? ...........................9

   10.    I'm Still Not Sure If I Am Included. ...........................................................................9

THE SETTLEMENT BENEFITS ................................................................................... 10

   11.    What Does The Settlement Provide?..........................................................................10

   12.    How Will I Get A Payment? ......................................................................................10

   13.    How Much Will My Payment Be? .............................................................................11

   14.    What Is The Distribution Plan? ..................................................................................11

   15.    When Will I Receive A Payment? .............................................................................11

   16.    What Do I Have To Do After I File A Claim Form? .................................................11

   17.    What Am I Giving Up To Receive A Payment? ........................................................12

   18.    What If I Do Nothing? ...............................................................................................13

EXCLUDING YOURSELF FROM THE SETTLEMENT.............................................. 13

   19.    What If I Do Not Want To Be In The Settlement Class?...........................................13

   20.    How Do I Exclude Myself?........................................................................................14

   21.    If I Do Not Exclude Myself, Can I Sue JPMorgan And The Other Released Parties For The Same Thing Later?.............................................................................14

   22.    If I Exclude Myself, Can I Get Money From The Settlement? ..................................14

   23.    If I Exclude Myself From The Settlement, Can I Still Object? ..................................15

OBJECTING TO THE SETTLEMENT ......................................................................... 15

   24.    How Do I Tell The Court What I Think About The Settlement? ...............................15

   25.    What Is The Difference Between Objecting And Excluding Myself? ........................16

THE LAWYERS REPRESENTING YOU ..................................................................... 16

   26.    Do I Have A Lawyer In This Case? ...........................................................................16

27.    How Will The Lawyers Be Paid?.................................................................................................16

THE COURT'S FAIRNESS HEARING ...................................................................................... 17

28.    When And Where Will The Court Decide Whether To Approve The Settlement? ...............................17

29.    Do I Have To Come To The Fairness Hearing?........................................................................................17

30.    May I Speak At The Fairness Hearing? .....................................................................................................17

GETTING MORE INFORMATION.......................................................................................... 18

31.    How Do I Get More Information?................................................................................................................18

## BASIC INFORMATION

**1.      What Is A Class Action Lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Class Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses.  In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court-awarded judgment amount) and must be approved by the court.  If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in this Settlement with JPMorgan, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why Did I Get This Notice?**

You received this Notice because you requested it or records indicate that you may be a Class Member. As a potential Class Member, you have a right to know about the proposed Settlement with JPMorgan before the Court decides whether to approve the Settlement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and Distribution Plan and to consider requests for awards of attorneys' fees, litigation expenses and costs, and any Incentive Awards for Class Plaintiffs from the Settlement Fund.

**3.      What Are The Definitions Used In This Notice?**

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement with JPMorgan (the "Settlement Agreement").

The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement Website.  All capitalized terms used, but not defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

**4.      What Is This Action About?**

Class Plaintiffs allege that Defendants, JPMorgan and a group of futures traders that JPMorgan employed, unlawfully and intentionally manipulated Precious Metals Futures traded on the COMEX and/or the NYMEX and Options on Precious Metals Futures from at least March 1, 2008 through August 31, 2016 (the "Class Period") in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq.* (the "CEA") and the common law.

Defendants allegedly manipulated the prices of Precious Metals Futures and Options on Precious Metals Futures using a technique called "spoofing," in which they placed orders for Precious Metals Futures and Options on Precious Metals Futures and canceled them prior to execution in order to send false supply and demand signals to the market. Defendants allegedly caused artificial Precious Metals Futures prices throughout the Class Period.  The false pricing information caused the prices of Precious Metals Futures and Options on Precious Metals Futures to move in a direction that was favorable to Defendants' trading positions but harmful to Class Members.  Class Plaintiffs transacted in Precious Metals Futures and Options on Precious Metals Futures hundreds of times during the Class Period, including on days identified as examples of spoofing in regulatory filings against Defendants.

JPMorgan maintains that it has good and meritorious defenses to Class Plaintiffs' claims and would prevail if the case were to proceed.  Nevertheless, to settle the claims in this lawsuit, and thereby avoid the expense and uncertainty of further litigation, JPMorgan has agreed to pay a total of $60 million in cash for the benefit of the proposed Settlement Class.  If the Settlement is approved, the Settlement Amount, plus interest earned from the date it was established (the "Settlement Fund"), less any Taxes, the reasonable costs of Class Notice and administration, any Court-awarded attorneys' fees, litigation expenses and costs, Incentive Awards for Class Plaintiffs, and any other costs or fees approved by the Court (the "Net Settlement Fund") will be divided among all Class Members who file timely and valid Claim Forms.

If the Settlement is approved, the Action will be resolved against all Defendants.  If the Settlement is not approved, JPMorgan and the other Defendants will remain as defendants in the Action, and Class Plaintiffs will continue to pursue their claims against Defendants.

**5.      What Is The History Of This Action?**

On November 7, 2018, Plaintiff Dominick Cognata filed the initial class action complaint alleging the misconduct described above. ECF No. 1.  Subsequently, other plaintiffs filed similar actions concerning these same allegations, and on February 5, 2019, the Court consolidated all related cases into this action. ECF No. 18, *see also* ECF No. 34.

On February 21, 2019, the U.S. Department of Justice ("DOJ") moved to intervene in the case and to stay the action in light of ongoing related criminal prosecutions and an ongoing government investigation. ECF No. 26. The Court granted the stay (ECF Nos. 29, 36) and has extended the stay several times at the request of the DOJ. *See, e.g.*, ECF Nos. 40, 43, 55, 63, 70, 71. While the case has been stayed, two former JPMorgan traders investigated by the DOJ have pled guilty, while others are currently awaiting trial. Additionally, JPMorgan entered into a deferred prosecution agreement with the DOJ on September 29, 2020.

In March 2020, Class Plaintiffs and JPMorgan began discussing the possibility of settlement. The Parties agreed to the selection of the Honorable Diane M. Welsh (Ret.) as mediator and, as part of the mediation, the disclosure of Mediation Information by JPMorgan. On November 23, 2020 and December 9, 2020, the Parties participated in mediation sessions with the mediator that concluded without reaching a settlement. The parties continued their arm's length negotiations through the mediator, and on February 19, 2021, she presented the Parties with a mediator's proposal for a $60 million settlement and a further Mediation Information disclosure. Class Plaintiffs and JPMorgan both accepted the proposal. On May 20, 2021, Class Plaintiffs and JPMorgan executed a binding settlement term sheet. After the completion of Class Plaintiffs' review of the Mediation Information, the Parties negotiated a formal Settlement Agreement that was executed on September 1, 2021.

## 6.    Why Is There A Settlement?

Class Plaintiffs and Lead Counsel believe that Class Members have been damaged by Defendants' conduct. JPMorgan believes that it has meritorious defenses to Class Plaintiffs' allegations and believes that Class Plaintiffs' claims would have been rejected prior to trial, at trial (had Class Plaintiffs successfully certified a class and survived summary judgment motions), or on appeal. As a result, JPMorgan believes Class Plaintiffs would have received nothing if the litigation had continued to trial.

The Court has not decided in favor of either Class Plaintiffs or JPMorgan. Instead, Lead Counsel engaged in mediation with JPMorgan to reach a negotiated resolution of the Action. The Settlement allows both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Class Members who file timely and valid Claim Forms to receive some compensation, rather than risk ultimately receiving nothing. Class Plaintiffs and Lead Counsel believe the Settlement is in the best interest of all Class Members.

JPMorgan has agreed to pay a total of $60 million in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, the Net Settlement Fund will be divided among all Class Members who file valid Claim Forms.

If the Settlement is approved, the Action will be resolved against all Defendants. If the Settlement is not approved, JPMorgan and the Individual Defendants (John Edmonds, Robert Gottlieb, and Michael Thomas Nowak) will remain as defendants in the Action, and Class Plaintiffs will continue to pursue their claims against Defendants.

**7.**      **How Does The Settlement Affect The Claims Against Defendants Other Than JPMorgan?**

Class Plaintiffs' claims against Individual Defendants will be released and the case will be fully resolved if the Settlement with JPMorgan is approved.

## WHO GETS MONEY FROM THE SETTLEMENT

**8.**      **How Do I Know If I Am A Class Member?**

In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All Persons and entities wherever located that purchased or sold any Precious Metals Futures or Options on Precious Metals Futures on the New York Mercantile Exchange ("NYMEX") or Commodity Exchange Inc. ("COMEX") from March 1, 2008 through August 31, 2016 (the "Class Period").

Not everyone who fits this description will be a Class Member. Please see question 9 for a discussion of exclusions from the Settlement Class.

**9.**      **Are There Exceptions To Being Included In The Settlement Class?**

Yes. You are not included in the Settlement Class if you are a Defendant or any parent, subsidiary, affiliate or agent of JPMorgan, provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class, but under no circumstances may JPMorgan (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle. In addition, the United States government is excluded from the Settlement Class.

For purposes of this exception, the term "Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, hedge funds, retirement accounts, and employee benefit plans, in which any Defendant has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest

**10.**      **I'm Still Not Sure If I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call toll-free 1-xxx-xxx-xxxx (if calling from outside the United States or Canada, call 1-xxx-xxx-xxxx) or visit the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com, for more information.

## **THE SETTLEMENT BENEFITS**

**11.   What Does The Settlement Provide?**

JPMorgan has paid $60 million into a fund to be held for disbursement to the Settlement Class and to pay for Court-approved fees and expenses if the Settlement is approved.  The Settlement gives JPMorgan the right to terminate the Settlement in the event that the volume of Precious Metals Futures or Options on Precious Metals Futures transacted by Class Members who timely exercise their right to request exclusion from the Settlement Class exceeds a certain percentage.

This is not a claims-made settlement, and JPMorgan is not involved in the development of the Distribution Plan for the Settlement.  The Parties' expectation is that the Settlement Fund will be fully distributed to Settling Class Members.  In the event the Settlement Fund has not been fully distributed to the Class within four (4) years from the Effective Date (or at such other time as the parties may mutually agree), the Parties shall confer as to the disposition of any remaining funds in the Net Settlement Fund and, if the Parties are unable to reach an agreement, seek the Court's intervention.

The Settlement does **not** bar Class Members from filing a victim impact statement with the DOJ to participate in the DOJ's victim compensation program, created in connection with the DOJ's deferred prosecution agreement with JPMorgan relating to criminal charges for conduct similar to that alleged in this Action.  *See* www.justice.gov/criminal-vns/case/jpmorgan-dpa.

**12.   How Will I Get A Payment?**

If you are a Class Member and do not exclude yourself, you are eligible to file a Claim Form to receive your share of money from the Net Settlement Fund.  Claim Forms must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on **[DATE]** **OR** postmarked by **[DATE]** and mailed to:

Precious Metals Futures Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]

Following the timely submission and receipt of your Claim Form, the Settlement Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

**Please keep all data and documentation related to your eligible Precious Metals Futures and Options on Precious Metals Futures.  Having data and documentation may be important to substantiating your Claim Form.**

If you do not file a Claim Form, you will not receive any payments under the Settlement.

13.    **How Much Will My Payment Be?**

The amount of your payment will be determined by the Distribution Plan, if it is approved, or by such other plan of distribution that is approved by the Court.  At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund or when payments will be made. For more information on the Distribution Plan see question 14.

14.    **What Is The Distribution Plan?**

The Distribution Plan is available for review on the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com.  Changes, if any, to the Distribution Plan based on newly available data or information will be promptly posted on the Settlement Website. Please check the Settlement Website for the most up-to-date information about the Distribution Plan.

15.    **When Will I Receive A Payment?**

The Court will hold the Fairness Hearing on **[DATE], 2021** to decide whether to approve the Settlement and Distribution Plan.  If the Court approves the Settlement and Distribution Plan, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

16.    **What Do I Have To Do After I File A Claim Form?**

After you file a Claim Form, the Settlement Administrator will evaluate your Claim Form to determine if you have provided sufficient information to validate your membership in the Settlement Class and your claim.  If the Settlement Administrator determines that your Claim Form is deficient or defective, it will contact you. If you subsequently provide information that satisfies the Settlement Administrator concerning the validity of your Claim Form, you will not have to do anything else. If any disputes cannot be resolved, Lead Counsel will submit them to the Court, and the Court will make a final determination of the validity of your Claim Form.

**Please keep all data and documentation related to your eligible transactions in Precious Metals Futures and Options on Precious Metals Futures.  Having data and documentation may be important to substantiating your Claim Form.**

**17.   What Am I Giving Up To Receive A Payment?**

Unless you exclude yourself, you remain a Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action against JPMorgan, the Individual Defendants, and any of the Released Parties. Upon the Effective Date of the Settlement, Class Plaintiffs and each of the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.

The capitalized terms used in this paragraph are defined in the Settlement Agreement, Preliminary Approval Order, or this Notice.  For easy reference, certain of these terms are copied below:

- "Released Parties" or "Released Party" means all Defendants in this Action, including the Individual Defendants and JPMorgan, its predecessors, successors and assigns, its past and present direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

- "Releasing Parties" or "Releasing Party" means, individually and collectively, each and every Class Plaintiff and each and every Settling Class Member on such Person or entity's own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Amount.  Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in Precious Metals Futures or Options on Precious Metals Futures who do not validly opt out of the settlement.

- "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or

12

liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to any of the facts, conduct, or events that were or could have been alleged or asserted in the Action against the Released Parties in any way involving or concerning Precious Metals Futures or Options on Precious Metals Futures purchased, sold, held, traded, and/or transacted by the Class Plaintiffs, Class Members, and/or Settling Class Members, including, but not limited to, any alleged manipulation or spoofing of Precious Metals Futures or Options on Precious Metals Futures under any statute, regulation, or common law, or the defense or settlement of such claims.

**18.   What If I Do Nothing?**

You are automatically a member of a Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Claim Form, you will not receive any payment from the Settlement. You will be bound by past and any future Court rulings, including rulings on the Settlement and release. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against JPMorgan or any of the other Released Parties on the basis of the Released Claims. Please see question 17 for a description of the Released Claims.

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

**19.   What If I Do Not Want To Be In The Settlement Class?**

If you are a Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlement, then you must take steps to exclude yourself from the Settlement. This is also sometimes referred to as "opting out" of a class.  *See* question 20.

If you exclude yourself from the Settlement Class, you will be free to sue JPMorgan or any of the other Released Parties on your own for the claims being resolved by the Settlement.  However, you will not receive any money from the Settlement, and Lead Counsel will no longer represent you with respect to any claims against JPMorgan.

If you want to receive money from the Settlement, do not exclude yourself.  You must file a Claim Form in order to receive any payment from the Settlement.

**20.**     **How Do I Exclude Myself?**

You can exclude yourself by sending a written "Request for Exclusion."  You cannot exclude yourself by telephone or email.  Your written Request for Exclusion must be mailed or delivered such that it is received by **[DATE]**, to:

Precious Metals Futures Class Action Settlement - EXCLUSIONS
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]

and (a) state the name, address, and telephone number of the Person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such Person or entity requests to be excluded from the Settlement Class in the Action (*In re JPMorgan Precious Metals Spoofing Litigation,* Case No. 1:18-cv-10356 (GHW) (S.D.N.Y.)); (c) provide documents sufficient to prove membership in the Settlement Class; (d) provide either: (i) documentation evidencing eligible trading in Precious Metals Futures and Options on Precious Metals Futures during the Class Period (including contract traded, date(s) and price(s) at which position acquired and subsequently closed out, and trade volume), or (ii) such Person or entity's tag50 ID(s) and an executed waiver and request to the CME Group to unmask such Person or entity's account information for verification; and (e) be signed by such Person or entity requesting the exclusion or an authorized representative and include proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

A Request for Exclusion that does not include all of the required information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the person(s) filing such an invalid request shall be a Class Member and shall be bound by the Settlement if approved.

All persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement.  In addition, such persons will not be entitled to object to the Settlement or appear at the Fairness Hearing.

**21.**     **If I Do Not Exclude Myself, Can I Sue JPMorgan And The Other Released Parties For The Same Thing Later?**

No.  Unless you exclude yourself from this Settlement, you give up any right to sue JPMorgan and the other Released Parties for the Released Claims that the Settlement resolves.  If you decide to exclude yourself from this Settlement, your decision will apply to JPMorgan and the other Released Parties.

**22.**     **If I Exclude Myself, Can I Get Money From The Settlement?**

No.  You will not get any money from the Settlement if you exclude yourself.

**23.  If I Exclude Myself From The Settlement, Can I Still Object?**

No.  If you exclude yourself, you are no longer a Class Member and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

**24.  How Do I Tell The Court What I Think About The Settlement?**

If you are a Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlement.  You can object to all or any part of the Settlement, Distribution Plan, and/or application for attorneys' fees, reimbursement of litigation expenses and costs, and any Incentive Awards for Class Plaintiffs.  You can give reasons why you think the Court should approve them or not.  The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of United States District Court for the Southern District of New York a notice of appearance and your objection, and serving copies of your objection on Lead Counsel and JPMorgan's Counsel by **[DATE]** to the following email and physical addresses:

| *Lead Counsel* | *JPMorgan's Counsel* | |
|---|---|---|
| Vincent Briganti | Robert A. Sacks | Amanda F. Davidoff |
| Lowey Dannenberg, P.C. | Sullivan & Cromwell LLP | Sullivan & Cromwell LLP |
| 44 South Broadway, Suite 1100 | 1888 Century Park East | 1700 New York Ave., N.W. |
| White Plains, NY 10601 | Los Angeles, CA 90067 | Suite 700 |
| (914) 997-0500 | Tel: (310) 712-6600 | Washington, DC 20006 |
| vbriganti@lowey.com | sacksr@sullcrom.com | Tel: (202) 956-7500 |
| | | davidoffa@sullcrom.com |

Any Class Member who does not enter an appearance will be represented by Lead Counsel.

If you choose to object, you must file a written objection. You cannot make an objection by telephone or email.  Your written objection must include:  (i) the name, address, and telephone number of the person or entity objecting (and must be signed by the Class Member (an attorney's signature is not sufficient)); (ii) the name of the Action (*In re JPMorgan Precious Metals Spoofing Litigation,* Case No. 1:18-cv-10356 (GHW) (S.D.N.Y.)); (iii) a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (iv) whether the objection applies only to the Class Member, a specific subset of the Settlement Class, or the entire Settlement Class; (v) documents sufficient to prove the Class Member's membership in the Settlement Class; (vi) a statement of whether you intend to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; and (vii) a list of other cases in which you or your counsel has appeared either as an objector or counsel for an objector in the last five years.  If you enter an appearance and desire to present evidence at the Fairness Hearing in support of your objection, you must also include in your written objection or notice of appearance the identity of any

witnesses you may call to testify and any exhibits you intend to introduce into evidence at the hearing.

If you do not timely and validly submit your objection, your views will not be considered by the Court. Check the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com for updates on important dates and deadlines relating to the Settlement.

**25.    What Is The Difference Between Objecting And Excluding Myself?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Class Member and do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**26.    Do I Have A Lawyer In This Case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

Vincent Briganti
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com

These lawyers are called Lead Counsel. Lead Counsel may apply to the Court for payment of attorneys' fees and litigation expenses and costs from the Settlement Fund. You will not otherwise be charged for Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**27.    How Will The Lawyers Be Paid?**

To date, Lead Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs. Any attorneys' fees and litigation expenses and costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement provides that Lead Counsel may apply to the Court for an award of attorneys' fees and litigation expenses and costs out of the Settlement Fund. Prior to the Fairness Hearing, Lead Counsel will move for an award of no more than $_____ in attorneys' fees, which is _____% of the Settlement Fund, plus payment of litigation expenses and costs of $_____, and for interest on such attorneys' fees and litigation expenses and costs at the same rate as the earnings in the Settlement Fund, accruing from the inception of the Settlement Fund until the attorneys' fees and litigation expenses and costs are paid. Lead Counsel may allocate any award of attorneys' fees and payment of

litigation expenses and costs among Plaintiffs' Counsel in proportion to their contributions to the case. Class Plaintiffs may also seek an Incentive Award from the Settlement Fund of $_____.

This is only a summary of the request for attorneys' fees and litigation expenses and costs. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**. If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com.

The Court will consider the motion for attorneys' fees and litigation expenses and costs at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**28.   When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold the Fairness Hearing on **[DATE]**, at **[TIME]**, at the United States District Court for the for the Southern District of New York, at the Daniel Patrick Moynihan U.S. Courthouse, located at 500 Pearl Street, New York, NY 10007. The Fairness Hearing may be moved to a different date or time without notice to you; any changes to the date and time of the Fairness Hearing will be posted to the Settlement Website. Given the current COVID-19 situation, the Fairness Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve the Distribution Plan and requests for attorneys' fees, litigation expenses and costs, and any Incentive Awards for Class Plaintiffs. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

**29.   Do I Have To Come To The Fairness Hearing?**

No. Lead Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**30.   May I Speak At The Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually, or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Lead Counsel and JPMorgan's Counsel at the addresses set forth in in question 24, such that they are received no later than **[DATE]**, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel. You cannot request to speak at the Fairness Hearing by telephone or email unless the Fairness Hearing is conducted remotely.

## **GETTING MORE INFORMATION**

**31.     How Do I Get More Information?**

The Court has appointed [Settlement Administrator] as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice of the Settlement and processing Claim Forms.

This Notice summarizes the Settlement Agreement. More details are in the Settlement Agreement and Distribution Plan, which are available for your review at the Settlement Website, www.preciousmetalsfuturesclassactionsettlement.com. The Settlement Website also has answers to common questions about the Settlement, Claim Form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also call toll-free 1-877-xxx-xxxx (if calling from outside the United States or Canada, call 1-414-xxx-xxxx) or write to the Settlement Administrator at:

Precious Metals Futures Class Action Settlement
c/o [Settlement Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at the Settlement Website, or send it to the Settlement Administrator at the address set forth above in the event the Settlement Administrator needs to contact you.

***\*\*\*\*Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.\*\*\*\****

DATED:  _____, 2021                            BY ORDER OF THE COURT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN PRECIOUS METALS SPOOFING LITIGATION | Case No.: 1:18-cv-10356 (GHW) |

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you purchased or sold any Precious Metals Futures or Options on Precious Metals Futures on the Commodity Exchange Inc. ("COMEX") or the New York Mercantile Exchange ("NYMEX") from March 1, 2008 through August 31, 2016, your rights may be affected by a pending class action settlement, and you may be entitled to a portion of the settlement fund.**

This Summary Notice is to alert you to a proposed Settlement totaling **$60,000,000** (the "Settlement Amount") reached with JPMorgan Chase & Co. ("JPMorgan") in a pending class action (the "Action").

The United States District Court for the Southern District of New York (the "Court") authorized this Summary Notice and has appointed the lawyers listed below to represent the Settlement Class in this Action:

Vincent Briganti
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Email: vbriganti@lowey.com

**Who is a member of the Settlement Class?**

The proposed Settlement Class consists of all Persons and entities that purchased or sold any Precious Metals Futures or Options on Precious Metals Futures on COMEX or NYMEX from March 1, 2008 through August 31, 2016 (the "Class Period"). Excluded from the Settlement Class are: (i) JPMorgan and any parent, subsidiary, affiliate or agent of JPMorgan, provided, that any Investment Vehicle shall not be excluded from the Settlement Class, but under no circumstances may JPMorgan (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle; and (ii) the United States Government.

"Precious Metals Futures" means Gold Futures contract(s), Silver Futures contract(s), Platinum Futures contract(s) or Palladium Futures contract(s), and "Options on Precious Metals Futures" means any option on Precious Metals Futures.

The other capitalized terms used in this Summary Notice are defined in the detailed Notice of Proposed Class Action Settlement, **[DATE]**, 2021 Fairness Hearing Thereon, and Class Members' Rights ("Notice") or in the Settlement Agreement, which are available at **www.preciousmetalsfuturesclassactionsettlement.com**.

If you are not sure if you are included in the Settlement Class, you can get more information, including the detailed Notice, at **www.preciousmetalsfuturesclassactionsettlement.com** or by calling toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX).

**What is this lawsuit about and what does the Settlement provide?**

Class Plaintiffs allege that Defendants JPMorgan and three of JPMorgan's former futures traders (John Edmonds, Robert Gottlieb, and Michael Thomas Nowak) unlawfully and intentionally manipulated the prices of gold and silver futures and options contracts traded on COMEX and platinum and palladium futures and options traded on NYMEX  during the Class Period in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq.* and the common law.

JPMorgan maintains that it has good and meritorious defenses to Class Plaintiffs' claims and would prevail if the case were to proceed.  Nevertheless, to settle the claims in this lawsuit, and thereby avoid the expense and uncertainty of further litigation, JPMorgan has agreed to pay a total of $60,000,000 in cash for the benefit of the proposed Settlement Class.  If the Settlement is approved, the Settlement Amount, plus interest earned from the date it was established (the "Settlement Fund"), less any Taxes, the reasonable costs of Class Notice and administration, any Court-awarded attorneys' fees, litigation expenses and costs, Incentive Awards for Class Plaintiffs, and any other costs or fees approved by the Court (the "Net Settlement Fund") will be divided among all Class Members who file valid Proof of Claim and Release Forms ("Claim Form").

If the Settlement is approved, the Action will be resolved against all Defendants.  If the Settlement is not approved, JPMorgan and the other Defendants will remain as defendants in the Action, and Class Plaintiffs will continue to pursue their claims against Defendants.

**Will I get a payment?**

If you are a member of the Settlement Class and do not opt out, you will be eligible for a payment under the Settlement if you file a Claim Form.  You also may obtain more information at **www.preciousmetalsfuturesclassactionsettlement.com** or by calling toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX).

Claim Forms must be postmarked by **[DATE]** or submitted online at **www.preciousmetalsfuturesclassactionsettlement.com** on or before 11:59 p.m. Eastern time on **[DATE]**.

**What are my rights?**

If you are a member of the Settlement Class and do not opt out, you will release certain legal rights against JPMorgan, the other Defendants, and Released Parties as explained in the detailed Notice and Settlement Agreement, which are available at **www.preciousmetalsfuturesclassactionsettlement.com**.  If you do not want to take part in the proposed Settlement, you must opt out by **[DATE]**.  You may object to the proposed Settlement, the Distribution Plan, and/or Lead Counsel's request for attorneys' fees, payment of litigation costs and expenses, and any Incentive Award to Class Plaintiffs.  If you want to object, you must do so by **[DATE]**.  Information on how to opt out or object is contained in the detailed Notice, which is available at **www.preciousmetalsfuturesclassactionsettlement.com**.

**When is the Fairness Hearing?**

The Court will hold a hearing at the United States District Court for the Southern District of New York, at the Daniel Patrick Moynihan U.S. Courthouse, located at 500 Pearl Street, New York, NY 10007, on **[DATE]** at **[TIME a.m./p.m.]** Eastern Standard Time to consider whether to finally approve the proposed Settlement, Distribution Plan, the application for an award of attorneys' fees and payment of litigation costs and expenses, and the application for Incentive Awards for the Class Plaintiffs.  You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. Any changes to the time and place of the Fairness Hearing, or other deadlines, will be posted to **www.preciousmetalsfuturesclassactionsettlement.com** as soon as is practicable.

**For more information, call toll-free** 1-XXX-XXX-XXXX **(if calling from outside the United States or Canada, call** 1-XXX-XXX-XXXX**) or visit www.preciousmetalsfuturesclassactionsettlement.com.**

***\*\*\*\* Please do not call the Court or the Clerk of the Court for information about the Settlement. \*\*\*\****