USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 8/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

IN RE JPMORGAN PRECIOUS METAL SPOOFING LITIGATION,

---------------------------------------------------------------- X

Master Docket No. 1:18-cv-10356-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

After nearly four years of litigation, the parties reached a settlement in this consolidated class action that will distribute a substantial sum to class members. No class member objected to the settlement. The Court approved the settlement and entered a judgment that authorized Class Counsel, in their discretion, to allow claimants who filed their claims after the deadline to participate in the settlement so long as their inclusion did not materially delay the distribution to the class. Earlier this summer, the Court authorized the distribution of the settlement funds, including to a number of late-filed but otherwise eligible claimants. The class is now awaiting distribution of those funds.

Michael Coscia of Spring Lake, New Jersey objects. He takes the position that no late claimant's claim should be accepted unless the claimant can provide specific justification for its failure to meet the original deadline. He argues that Class Counsel and the Court must develop a process to scrutinize each such claim to avoid the dilution of other claimants' recoveries. The Court overruled Mr. Coscia's objection, because the late claimants had suffered compensable losses, because accepting their claims did not delay the distribution to other claimants, and because the Court's uncontested judgment gave Class Counsel, not individual members of the class like Mr. Coscia, the discretion to determine whether to accept late-filed claims.

Mr. Coscia has moved for the Court to reconsider that decision. Mr. Coscia's motion raises a straightforward question: can Mr. Coscia—a self-appointed and self-interested individual with no particular experience in this arena that he has presented to the Court—require individualized

scrutiny of each late-filed claim when competent class counsel and the Court believe that additional diligence to be unnecessary? Because Mr. Coscia's opinion regarding the appropriate diligence does not supplant the judgment of competent class counsel, particularly given the lack of any evidence of wrongdoing or harm to others resulting from class counsel's proposed method of distribution, the answer to this question is no. Therefore, Mr. Coscia's motion for reconsideration is denied.

## I. PROCEDURAL HISTORY

This consolidated class action has a lengthy procedural history. The Court refers the reader to the docket of the action for a comprehensive overview of the case, but lays out a few relevant moments in its history for context. After many years of litigation, in December 2021, the Court preliminarily approved a settlement reached by the defendant and class counsel on behalf of the class. Dkt. No. 91. Among the materials made available to class members for review was the form of final judgment that the parties requested the Court to enter. Dkt. No. 90-3. Notice of the proposed settlement was distributed to class members. None objected to the settlement. Dkt. No. 113-1.

The Court conducted a fairness hearing for the proposed settlement on July 7, 2022. The Court entered a final judgment on the same date. Dkt. No. 115 ("Judgment").[1] In it, the Court approved the distribution plan for the distribution of the settlement's proceeds. *Id.* ¶ 19. The Judgment also appointed the A.B. Data, Ltd. ("A.B. Data") as settlement administrator to "administer the claims administration process including the calculation of claims submitted by Class Members and distribution of the Settlement Fund to Authorized Claimants, pursuant to the Court-approved Distribution Plan." *Id.* ¶ 20. The Judgment specifically permitted the acceptance of late-submitted claims: "Class Counsel, in their discretion, may accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed." *Id.* The

[1] Terms used without definition in this order have the meaning set forth in the Judgment.

language regarding late-submitted claims contained in the Judgment was identical to the language in the proposed form of judgment made available to class members for comment or objection. *Compare* Dkt. No. 90-3 with Dkt. No. 115.

Years passed. On June 18, 2026, Class Counsel filed a motion for the Court to approve the distribution of the settlement fund to authorized claimants. Dkt. No. 121. The declaration submitted in support of the application by Jack Ewashko, the client services director of A.B. Data, detailed the process used by A.B. Data to identify authorized claimants. Dkt. No. 123 ("Ewashko Decl."). Mr. Ewashko noted that 1,022 Claims "were received or postmarked after the August 8, 2022 Claim submission deadline." *Id.* ¶ 16. A.B. Data also processed "all late Claims received through April 13, 2026 of which 871" had late but otherwise eligible claims. *Id.* A.B. Data asserted that it believed that "no delay has resulted from the provisional acceptance of these late claims." *Id.* Mr. Ewashko's declaration identified all of those late but otherwise eligible claims. *Id.* Ex. B. After reviewing Mr. Ewashko's declaration and Class Counsel's supporting memorandum of law, the Court authorized the proposed distribution of the settlement as proposed by Class Counsel. Dkt. No. 126 (the "Distribution Order"). The Distribution Order authorized a distribution to "Late But Otherwise Eligible Claims" as set forth in Mr. Ewashko's declaration. *Id.* ¶ 3(b).

On June 24, 2026, Michael Coscia filed a letter with his objections to the distribution motion. Dkt. No. 127 (the "Objection"). Mr. Coscia objected to the distribution motion and the Court's order permitting the distribution of money to late but otherwise eligible claimants. Mr. Coscia was very clear about the reason for his objection—acceptance of those claims would dilute the recovery of those who submitted their claims by the stated deadline, like him. He argued that the late claims should be rejected because "the late claims appear to significantly increase the total Transaction Claim Amount denominator and reduce the pro rata recovery of timely claimants." *Id.* "I understand that A.B. Data's position is that these claims did not delay administration, but

their inclusion appears to materially dilute the recovery of timely claimants who complied with the Court-approved deadline." *Id.* Mr. Coscia argued that no late-filed claims should be accepted "absent a specific showing that accepting such late claims is fair to timely claimants, supported by good cause or excusable neglect, and does not materially prejudice timely claimants." *Id.*

The express basis for Mr. Coscia's objection was that the acceptance of late but otherwise eligible claims would reduce his recovery. He asked the Court to impose a requirement that no late claims would be accepted unless it was "fair to timely claimants." *Id.* Mr. Coscia's objection evinced no concern for the fact that his proposal would deprive others with valid claims from any recovery notwithstanding the fact that the acceptance of those claims would not delay administration of the fund.

The Court directed Class Counsel and the defendant to respond to the Objection. Dkt. No. 128. Class Counsel did so on July 2, 2026. Dkt. No. 129 ("Obj. Opp."); Dkt. No. 130 ("Second Ewashko Decl."). The response made three simple points. First, Class Counsel noted that the Judgment "expressly contemplated that late-filed claims may participate in the settlement distribution provided that their inclusion did not materially delay the distribution." Obj. Opp. at 1. They pointed out that accepting the late-filed claims had no impact on the timing of the distribution. Second, Class Counsel noted that, upon review, A.B. Data identified that 547 of the 871 Late Filed But Otherwise Eligible Claims identified in their prior declaration were "miscoded"—they were not late, but rather "replacement Claims that were re-processed for Claimants that had originally filed a timely claim." *Id.* at 2. Finally, Class Counsel argued that the Court had the authority to permit late claims "where the untimeliness resulted from excusable neglect." *Id.* (internal citation and quotation omitted). Class Counsel argued that because accepting the late-filed claims would not delay the distribution of funds to the class, authorizing the payment to the late-filed claimants was appropriate. *Id.*

The Court overruled Mr. Coscia's objections. Dkt. No. 133 (the "July Order"). In its Order, the Court adopted all of the arguments presented by Class Counsel. The Court emphasized the self-centered focus of Mr. Coscia's motion. The Court highlighted that Mr. Coscia's concerns had not been expressed by any other member of the class. And finally the Court observed that, to "provide the incremental damages that Mr. Coscia requests would deprive many other injured class members of any redress at all." *Id.*

On July 16, 2026, Mr. Coscia, acting *pro se*, filed the motion for reconsideration that is the subject of this order. Dkt. No. 135 (notice of motion); Dkt. No. 136 ("Mem."). Mr. Coscia frames his motion as one for reconsideration of the Court's order overruling his objection, and also for modification of the Distribution Order under F.R.C.P. 59(e). Mr. Coscia describes the core of his concern as follows: "whether claims equal to approximately 20% of the claim pool may be accepted without claim-specific reasons for lateness and without objective proof that their acceptance caused no material delay." *Id.* at 4. As relief, Mr. Coscia asks that the Court and Class Counsel engage in a more detailed examination of the late-but otherwise eligible claims.[2]

The Court understands that the reason for the proposed additional diligence is to require that the Court evaluate on a claim-by-claim basis the "claim-specific reasons for lateness" of each of those claims and to determine whether the justifications provided are sufficient to permit their inclusion in the pool. Lacking such justification, Mr. Coscia would require that any late-filed claim

---

[2] Mem. at 9-10 ("I ask the Court to require A.B. Data and/or Class Counsel to provide: • A corrected schedule distinguishing timely claims, replacement claims, and true late claims; • A crosswalk for the 547 reclassified replacement claims showing the original timely claim number and filing date, the replacement claim number and submission date, the original and replacement Transaction Claim Amounts, and confirmation that no duplicate recovery will occur; • A claim-by-claim or category-specific schedule for the 324 true late claims showing the submission date, reason for lateness, notice received, whether the delay was within the claimant's control, who approved acceptance, and whether excusable neglect or other good cause was found; • For Claim Nos. 84509644 and 87948936, individualized explanations that also identify the claimant category, whether a bulk filer or professional adviser was used, and why the delay should be excused; • A statement identifying whether Paragraph 20 discretion was exercised claim-by-claim, by category, or through a blanket policy; • Records sufficient to support the "no material delay" conclusion, including relevant billing summaries, work logs, project-status records, processing dates, and any analysis comparing completion with and without the true late claims; and • The version history of the settlement website and any notice, FAQ, email, or update informing class members that entirely new claims could be accepted after August 8, 2022.").

be rejected. This request is consistent with Mr. Coscia's initial objection, in which he argued that any late-filed claim should only be permitted if a claim-specific showing was made to justify its lateness. In his motion, Mr. Coscia contends that A.B. Data's discovery that some of the late-filed claims were misclassified, "justifies independent verification of the reclassification and objective support for the remaining conclusions." *Id.* at 9.

In his motion, Mr. Coscia does not contend that any of the late-filed claims were filed by people who were not injured. *Id.* ("I do not allege intentional misconduct . . . ."). But he asserts that more detailed scrutiny of the claims is required, and argues that those late-filed individual claims for which sufficient justification for delay is not presented should be denied. Mr. Coscia's view is that it is "manifest injustice" to pay late-filed claims unless each underlying claimant can specifically justify why their claim was filed late, even if the delay had no impact on the timing of the distribution and would deprive otherwise eligible claimants of any potential recovery.

Mr. Coscia states that "A.B. Data's 'no material delay' conclusion is not objectively supported." *Id.* at 8. He provides no evidence for this position, however. Instead, he supports it with an argument that A.B. Data must also detail how much less time the processing would have taken had it not considered the late-filed claims.

While the Court, A.B. Data and Class Counsel conduct the additional diligence that Mr. Coscia demands, Mr. Coscia requests that the Court revise the distribution plan, establish a reserve and not pay out claims to the late-but-otherwise eligible claims. *Id.* at 10-11.

Class Counsel filed a detailed response to Mr. Coscia's motion on July 31, 2026. Dkt. No. 137 ("Opp."). In its opposition, among other things, Class Counsel argued that Mr. Coscia did not have standing to file a motion for reconsideration of the Distribution Order, because he is not a proper party. *Id.* at 1. Class Counsel also contended that the Motion simply reiterated arguments raised in Mr. Coscia's original objections. *Id.* at 2. And, Class Counsel argued, Mr. Coscia raised

new arguments that had not been presented in his objections. *Id.* at 3. In particular, they highlighted the lack of specific objections related to "class-wide notice, reliability, and settlement administration." *Id.*

Class Counsel argued that A.B. Data's discovery that it had miscoded too many claims as having been late-filed was immaterial. "The updated late claims number is not material to Mr. Coscia's underlying argument that *all* late claims should not be permitted." *Id.* at 5. "Moreover, from an administrative integrity standpoint, while claims had been miscoded, there was no practical impact of that miscoding on those claimants' entitlement to settlement proceeds, based on the distribution A.B. Data recommended. Every claimant that had an otherwise eligible claim had been recommended to receive a payment, whether timely or late." *Id.*

Class Counsel flagged that paragraph 20 of the Judgment expressly permitted acceptance of late claims by Class Counsel, and that it did not require that Class Counsel or the Court engage in the additional diligence that Mr. Coscia demanded. *Id.* Instead, the determination rested solely on whether acceptance of the late-filed claims would materially delay distribution of the settlement. According to Class Counsel, A.B. Data's declaration demonstrated that this condition had been satisfied. The additional diligence that Mr. Coscia demanded through his objections and the motion for reconsideration, Class Counsel argued, was not required by the Judgment or applicable law.

Mr. Coscia filed a reply on August 10, 2026. Dkt. No. 140. In it, he argued that the Court should not avoid the merits of his arguments on the basis of his asserted lack of capacity to advance his motion. *Id.* at 1. To the extent that intervention was needed to permit him to assert his objections, Mr. Coscia requested that the Court construe his motion as containing a request for intervention. *Id.* at 2. He also responded to the other arguments presented by Class Counsel.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 59(e) and Southern District of New York Local Rule 6.3

Under Federal Rule of Civil Procedure 59(e), within 28 days of an entry of judgment, a party may file "[a] motion to alter or amend a judgment." And Southern District of New York Local Rule 6.3 permits parties to, within 14 days of a court's order, file "a notice of motion for reconsideration or reargument" of that motion. "The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." *In re New York Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). To justify reconsideration, the moving party must be able to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it).

"A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "The Second Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader*, 70 F.3d at 257) (alterations in original). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triazz Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel*

*v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### B. Standard of Review for *Pro Se* Litigants

Mr. Coscia is proceeding *pro se*. Motions filed by *pro se* litigants are liberally construed and interpreted "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))). However, "the liberal treatment afforded to *pro se* litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

## III. DISCUSSION

None of Mr. Coscia's arguments justify reconsideration or amendment of the Distribution Order or the Court's July Order. Under either Local Rule 6.3 or Federal Rule 59(e), a party moving for reconsideration must be able to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" in order to justify reconsideration. *Shrader*, 70 F.3d at 257. That standard is "strict," so "reconsideration will generally be denied." *Mahmud*, 496 F. Supp. 2d at 270 (quoting *Shrader*, 70 F.3d at 257). Here, none of Mr. Coscia's arguments justify revisiting the question of whether Mr. Coscia's objections mandate that Class Counsel and the Court engage in the additional

diligence of late-filed claims that Mr. Coscia demands: he identifies no legal principle or fact that the Court overlooked that would require it.

Mr. Coscia's objection, and his motion for reconsideration are based on a contention that the Court should not permit any late-filed claimants to recover anything unless that late filed-claimant can provide sufficient justification for missing the original deadline. But Mr. Coscia's request that the Court impose that requirement is not required by the Judgment or governing law. Paragraph 20 of the Judgment gave Class Counsel the discretion to accept late-filed claims "so long as the distribution of the Net Settlement Fund is not materially delayed." Judgment ¶ 20. Class Counsel were provided the discretion to accept late-filed claims, provided that it did not result in a material delay in distribution of the settlement. Class Counsel was not required to examine the justification for each late claimant's delay individually. The form of Judgment was made available to class members prior to the Court's approval of the settlement—none presented objections to form of judgment or the fact that it allocated this discretion to Class Counsel.

While Mr. Coscia might prefer a different standard for accepting late-filed claims than that approved by the Court, he presents no authority that entitles him to impose a more stringent standard of review than that provided for in the Judgment, or for the Court to overwrite the reasoned judgment of Court-appointed Class Counsel with that of a self-appointed *pro se* litigant.

The Court appreciates that A.B. Data identified an error in its characterization of some of the late-filed but otherwise eligible claims when preparing its response to Mr. Coscia's objections. Rather than 871 "Late But Otherwise Eligible Claims," A.B. determined that there were only 324 "Late But Otherwise Eligible Claims." Second Ewashko Decl. ¶¶ 7–9. The remaining 547 claims were replacement claims. Although A.B. Data misclassified those claims, the error did not affect the aggregate amount of claims, or the identity of the claimants.

A.B. Data's misclassification does not require a modification to the Distribution Order or

justify reconsideration of the July Order. The information contained in the Distribution Order characterized certain of the claimants as Late Filed But Otherwise Eligible, when they were not. But no modification of the order is needed in order to ensure proper distribution of the correct amounts to claimants. The second Ewashko declaration has properly identified those groups of claimants for the record; and the misclassification does not change the amount or identity of claimants entitled to award.

The fact that A.B. Data had misclassified certain claims was known to the Court at the time that the Court issued its July Order: it is not a fact that was overlooked by the Court and might merit reconsideration. Prior to issuing the July Order, the Court examined the justification presented by A.B. Data in the second Ewashko declaration for its error and, like Class Counsel, concluded that it did not require that additional diligence be conducted regarding late but otherwise eligible claims. Here again, Mr. Coscia's judgment is that the A.B. Data's error suggests that more diligence of the late-filed claims is required, but the fact that his assessment of the need for additional scrutiny of A.B. Data's work differs from that of Class Counsel does not require reconsideration of the Court's July Order. Class Counsel, not Mr. Coscia's, whose *bona fides* are not established, were appointed by the Court to represent the class and to exercise their discretion regarding the assessment of late-filed claims. And, as Class Counsel argues, the mischaracterization error does not support Mr. Coscia's demand that all late-filed claims be denied in the absence of a claim specific justification for their lateness. Mr. Coscia made his request before learning of A.B. Data's misclassification error; the error does not make it necessary or appropriate to require more scrutiny of each late-filed claim, as Mr. Coscia demands.

A requirement that Class Counsel and the Court engage in additional diligence before permitting any late-filed claim in this or any other class action would be extremely burdensome. And the approach adopted by the Judgment "allows for a more equitable distribution of the Net

Settlement Fund" because "[c]lass members are not frozen out of participating in the settlement if they can quickly submit an otherwise valid claim while claim administration is ongoing." Second Ewashko Decl. ¶ 5. Mr. Coscia's proposed requirement, by contrast, might result in the exclusion of claimants with legitimate losses.

Mr. Coscia's objection made it clear that he wanted the Court to add a requirement that late-filed claims only be permitted if they justified their delay on a claim-by-claim basis. And he also clearly stated that his goal in imposing such a requirement was to eliminate the prospect that additional claims would "dilute" the recovery available to other claimants, like him. The Court accepts that such a requirement could be imposed, but it is not required. And, like Class Counsel, to whom this decision was delegated, the Court sees no justification to require it in this case.

Many of the arguments that Mr. Coscia raised in his motion fall outside of the scope of his objections and therefore do not justify reconsideration of the July Order. For example, in his objections, Mr. Coscia did not assert that A.B. Data's determination that the claims did not delay administration was incorrect, or that Class Counsel could not rely on the determination. *See generally* Objection. He advances a new argument in his motion for reconsideration that A.B. Data's representation should not be accepted unless it also details factors such as "when administration would have finished had late claims been rejected, how many hours were spent processing them, whether their inclusion required recalculation or quality review; or whether accepting claims on a rolling basis affected the final cutoff." Mem. at 8. Because this argument is novel, it does not justify reconsideration.

Moreover, the argument lacks merit. Again, Mr. Coscia wishes to interpose his judgment regarding the reliability of A.B. Data's certification for that of Class Counsel. The Court does not find sufficient justification in Mr. Coscia's motion to require further investigation of the basis for A.B. Data's representation.

At base, Mr. Coscia's objection and motion for reconsideration asks the Court to substitute his judgment of the proper process to assess the propriety of late-filed claims with that established by the Judgment. The Judgment entrusted that decision to the discretion of Class Counsel. Mr. Coscia identifies no body of law that requires that each late-filed claim be scrutinized in the way that he requests. And while grafting additional diligence into the process of evaluating late-filed claims in this case would benefit him, Mr. Coscia's proposal on this record would impose substantial burdens on the administration of the class settlement, and deprive others who were harmed of the opportunity to participate in the process. Like Class Counsel, the Court does not agree with Mr. Coscia that the additional diligence demanded by Mr. Coscia is required in this case.[3]

Accordingly, Mr. Coscia's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 135.

SO ORDERED.

Dated: August 29, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

---

[3] The Court has evaluated Mr. Coscia's motion on the merits. However, his motion to intervene is denied. "In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir.1992). Mr. Coscia has not shown that his interests are not protected adequately by Class Plaintiffs and Class Counsel, who fairly and adequately protected the interests of the class. Mr. Coscia therefore may not intervene by right. Permissive intervention under Rule 24(b) likewise would be inappropriate here given the stage of the litigation, and the lack of merit to the position he seeks to advance as set forth above. 3 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 12:32 (6th ed. Nov. 2024 Update) ("[T]he core of the permissive intervention analysis requires an inquiry into whether the putative intervenor has an interest that she can present that will further the factual or legal development of the case without unduly derailing the proceedings."); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (district courts have broad discretion to deny permissive intervention). Mr. Coscia has presented no information regarding his particular interest, personal experience, or expertise that would justify ordering his intervention at this stage of the case.